### CRAVATH v. BAYLIS.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

**1.** TRIAL—DIRECTION OF VERDICT—APPLICATION FOR SUBMISSION OF ISSUES TO THE JURY.

Where, after both parties had requested a direction of a verdict in his favor, but before any action was taken by the court, defendant asked to go to the jury on the whole issue in respect to the alleged trespass and concerning the issue of title and possession, it was error for the court to direct a verdict for plaintiff, unless there was no question of fact on which the evidence would have authorized a different result.

**2.** SAME—QUESTION FOR JURY.

Where, in an action for trespass consisting of defendant's act in tearing down a fence constructed by plaintiff on a certain meadow, defendant admitted in his answer that he tore down the fence, the only issue being as to whether plaintiff had title to the land in controversy, plaintiff was not entitled to go to the jury on the question of the commission of the trespass.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 320.]

**3.** TRESPASS—OWNERSHIP IN LAND—PRESUMPTIONS.

Code Civ. Proc. § 960, declares that in all actions for trespass to unoccupied lands plaintiff may show an unbroken chain of title to himself for 30 years next preceding the commission of trespass, which proof shall be presumptive evidence of ownership at the time of the trespass, but may be rebutted by defendant by proof of ownership at the time of the trespass or injury in some person other than the plaintiff. *Held*, that where, in an action for trespass to unoccupied salt meadows adjacent to the ocean, plaintiff established a chain of title to such meadows, except as to the exact location of the eastern boundary, reaching back to 1830, the presumption of ownership of the meadows to and including the location of plaintiff's fence, which defendant destroyed, was not rebutted by defendant's proof of the occasional cutting of hay or the gathering of driftwood on the premises.

**4.** BOUNDARIES—EVIDENCE—ANCIENT DOCUMENTS.

In trespass involving a disputed boundary line, a map made in 1856, and produced from the proper custody, was properly introduced in evidence to establish a line which was in dispute between other parties.

Appeal from Trial Term.

Action by Paul D. Cravath against Alfred C. Baylis. From a judgment in favor of plaintiff on a directed verdict, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Charles H. Street (Henry A. Monfort, on the brief), for appellant.
Charles F. Brown, for respondent.

WOODWARD, J.  It is conceded that the defendant tore down a certain fence constructed by the plaintiff upon a certain salt meadow tract in the town of Oyster Bay, and the real question litigated is the title to the premises; the defense to the plaintiff's action for trespass being that the latter is not the owner of such premises.  At the close of the evidence both parties moved the court for the direction of a verdict, but before any action was taken by the court the defendant asked to be allowed to go to the jury "upon the whole issue in respect to the alleged trespass, and in respect to the plaintiff's title and possession, and in respect to our own title and possession."  ·The court made no ruling upon this request, but, after discussing the question at some length, reached the conclusion that it was its "duty to direct a verdict for the plaintiff for the damages which he suffered."  Defendant's counsel then requested "to go to the jury on the whole issue and on the specific issues mentioned in the record, and I except to your honor's refusal to send the case to the jury, and I except to your honor's granting the motion directing a verdict."

After an examination of this record, which is voluminous, we have no doubt of the correctness of the verdict.  It is doubtful if a jury could have reached any other conclusion than that which was reached by the learned justice presiding at the trial, but, if there was a question of fact presented by the evidence which would support a different result, we are of opinion that, under the rule recognized in Second National Bank v. Weston, 161 N. Y. 520, 528, 529, 55 N. E. 1080, 76 Am. St. Rep. 283, it was error for the trial court to refuse to submit the question, even though the defendant had originally moved for the direction of a verdict in his favor.  Was there such a question of fact presented by the evidence?  The defendant admitted in his answer that he tore down the fence mentioned in the complaint, so that he was not entitled to go to the jury upon the question of the trespass, in so far as that consisted of the act of destroying the fence, and we have merely to consider the title to the premises.  By the provisions of section 960 of the Code of Civil Procedure:

"In all actions for trespass upon or injury to unoccupied lands, or to timber, trees and underwood thereon, * * * the plaintiff may show an unbroken chain of title or conveyance of the land to himself for thirty years next preceding the commission of the trespass or injury, and such proof shall be presumptive evidence of ownership at the time of such trespass or injury, but such presumption may be rebutted by the defendant by showing ownership of said lands at the time of said trespass or injury, in some person other than the plaintiff."

The premises involved in this action are unoccupied lands.  They are salt meadows in the town of Oyster Bay, and at times are fully submerged, and would seem to be peculiarly the kind of lands referred to in the statute.  The plaintiff introduced in evidence a deed by Cole Weeks and others to Charles Latting, bearing date of November 3,

1830, which deed conveys the premises in dispute, as the defendant admits, except that he raises some question as to the eastern boundary, and the plaintiff shows a chain of title reaching from this deed down to the time of the alleged trespass; so that the presumption of title in the plaintiff was fully established, except as to the exact location of the eastern boundary; but as this deed, in so far as this disputed boundary is concerned, was dealing with salt meadows of no particular value at that time, and it is conceded that the plaintiff's title covers a considerable portion of the premises involved in the controversy, the presumption must be that it included all of the meadow, for there is no reason why a little piece of the same should have been cut off, unless it might be to afford the defendant a defense in this action. The plaintiff having shown a title reaching back to 1830, the presumption of ownership in him arose, and this could not be overcome by isolated acts of user on the part of the defendant, conceding such acts to have existed. The statute says that this presumption may be overcome by the defendant by "showing ownership of said lands at the time of said trespass or injury in some person other than the plaintiff," and, in the absence of evidence of ownership, this presumption in favor of the plaintiff must prevail. This being true, it is clear that the mere fact that the defendant introduced some evidence tending to throw doubt upon the exact location of the eastern boundary of the premises in dispute, where it was conceded that the plaintiff owned the upland and a considerable portion of the meadows, and there was nothing to overcome the natural presumption that he owned all of the premises, while the weight of evidence was in support of a line which would embrace the premises where the trespass was committed, did not present a question for the jury, under the request made by the defendant; for it cannot be contended that the defendant showed any paper title to those premises, and without such a title the evidence of user would be of no avail as against the presumption which the law raised in favor of the plaintiff, with his paper title reaching back to 1830.

As we understand the rule, a party is entitled to go to the jury upon an issue of fact which is controlling in the case, or which is essential to the action or defense, where there is any evidence to support such facts, even though the court might be justified in setting aside a verdict as being against the weight of evidence (Lewis v. Erie Railroad Co., 105 App. Div. 292, 294, 94 N. Y. Supp. 765); but where, if the fact were to be found in accord with the parties' contention, it could not change the result of the trial, it is not error to refuse to submit such question. The plaintiff's paper title is apparently good to all of the premises in dispute; it is good enough to establish the presumption that he was the owner at the time of the trespass, and under this state of facts the mere conjecture which is brought to bear upon the eastern boundary line is not sufficient to warrant a jury in reaching any other conclusion than that which has been reached. The defendant was bound to show at the conclusion of plaintiff's case, showing a continuous title back to 1830, that some one other than the plaintiff owned the premises at the time of the alleged trespass, and this he has failed to do; and we are of opinion that he has failed to establish any facts which entitled him to go to a jury upon any question which his request fairly

indicated. Having asked for the direction of a verdict, he must be deemed to have waived his right to go to the jury on any question which he does not by fair intendment call to the attention of the court specifically. As to the trespass generally, it is admitted the plaintiff was the owner of the premises. As to the plaintiff's title, that was established presumptively by his paper title, going back more than 30 years, and the defendant, not showing any paper title, could not overcome the presumption in favor of the plaintiff by anything less than proof of ownership in himself, or some person other than the plaintiff; and this could not be done by evidence of occasional cutting of hay or gathering driftwood upon the premises. Adverse possession, in the absence of a paper title, cannot be established except by "actual continued occupation of premises" (section 371, Code Civ. Proc.), and it is conceded in this case that the premises could not have been so occupied, because they were at intervals completely under water.

We have examined the questions presented in reference to the admission of the Doughty map in evidence, and the subsequent use which was made of it, but we are convinced that there was no error committed prejudicial to the defendant. This map was made in 1856, was produced from a proper custody, and was properly introduced for the purpose of establishing a line which was in dispute between other parties. See Donohue v. Whitney, 133 N. Y. 178, 182, 183, 30 N. E. 848.

We do not find reversible error in the case, and, as we are persuaded that the result reached is in entire accord with justice, the judgment appealed from should be affirmed, with costs. All concur.