■ EVA POULOS, Respondent, v. DOMINICK FERRAIOLO et al., Appellants.— This is an appeal by defendants from a judgment of Supreme Court, Greene County, in favor of plaintiff. Plaintiff sued for ejectment of defendants from a parcel of land allegedly owned by her and hereinafter referred to as parcel two. The plaintiff concededly owned another parcel north of this, hereinafter referred to as parcel one. The plaintiff has shown a paper chain of title back to 1830. The surveyors testified that plaintiff's parcel two came out of a larger parcel described in a deed of 1830. The only question left was one of fact and concerned the boundaries of parcel two. Parcel one was conceded to be as described

in a map offered by plaintiff and prepared by plaintiff's surveyor. The proof is to the effect that parcel one and parcel two have a common boundary, that is, the northern boundary line of parcel two. Furthermore, both parcels have Route 9W as their western boundary line. The chain of title shows that parcel two is so much of a larger parcel, which had been conveyed to plaintiff's predecessors, as laid east of Route 9W. This larger parcel had an eastern boundary line of 345 feet east of Route 9W. The plaintiff introduced a highway map of 1910 which indicated that plaintiff's predecessor in title had a frontage of 363 feet, more or less. Such a map being made for public purposes and filed in a County Clerk's office is admissible. (Cf. *Donohue* v. *Whitney*, 133 N. Y. 178, 183; *Horton* v. *Niagara, Lockport & Ontario Power Co.*, 231 App. Div. 398, 400; *Cravath* v. *Baylis*, 113 App. Div. 666, 669.) According to the plaintiff's surveyor there were old fences that verified his marking of the boundary lines and placing of the description on the earth. The weight of the evidence indicates that plaintiff's parcel two was properly located by her surveyor and the defendants offered no evidence of boundary lines or chain of title in themselves or anyone else. The defendants also tried to establish adverse possession, but the record does not show an actual occupation of the premises by defendants or defendants' predecessor in title. (Cf. *Van Valkenburgh* v. *Lutz*, 304 N. Y. 95.) Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.