(105 App. Div. 292.)

## LEWIS v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. TRIAL—SUBMISSION TO JURY—CONFLICTING EVIDENCE.

Where conflicting evidence fairly presents questions of fact for determination, and the result depends upon the weight which may be given by the jury to the evidence, the court must submit the cause to the jury, although it might deem it its duty, in the event of a verdict for plaintiff, to set the same aside and grant a new trial as against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 338–343, 359–361.]

2. APPEAL—SETTING ASIDE NONSUIT—INFERENCES.

On defendant's appeal from an order setting aside a nonsuit, plaintiff is entitled to the most favorable inferences deducible from the evidence, and every disputed fact must be treated as established in his favor.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3748; vol. 46, Cent. Dig. Trial, § 337.]

3. RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad for the death of the driver of a bus who was attempting to cross the track, where there was evidence that deceased could not have seen or heard the approaching train, even if he had looked and listened, until his horses reached the track, and too late to prevent the accident, the question of contributory negligence was for the jury, although there was no direct evidence that deceased did look and listen for the train.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1169–1173.]

Chase and Houghton, JJ., dissenting.

Appeal from Trial Term, Broome County.

Action by Charlotte Lewis, as administratrix of Charles H. Lewis, deceased, against the Erie Railroad Company. From an order setting aside a nonsuit, and granting a new trial, defendant appeals. Affirmed.

The action is one to recover damages for the alleged negligent killing by one of defendant's trains, running easterly, of plaintiff's intestate while he was attempting to cross defendant's railroad at Broad street, in Lestershire. He approached the crossing going northerly on Broad street on a slightly descending grade, driving a heavy two-horse bus or band wagon. The view of the tracks westerly, as the crossing is approached from the south at that place, is obscured by a high bank about 25 feet south of the southwest corner of the passenger depot on the south side of the tracks and by such depot, except for a short distance between the depot and the bank, and except after the depot has been passed and a point about 20 feet south of the first or south rail has been reached, where the track can be seen for about 100 feet west of the crossing. The passenger depot is but 12 feet south of such first rail. The distance from the heads of the horses to the eyes of the driver when seated in the bus was 14 feet. The train was not scheduled to stop at that station. It was about 35 minutes late, and was running at not less than 60 or 65 miles an hour. The engineer testified he was running as fast as he could. The engine struck the team, and threw the plaintiff's intestate a considerable distance against a box car standing on a side track, killing him instantly. At the close of the plaintiff's proof the court denied the defendant's motion for a nonsuit, but at the close of all the evidence the motion was renewed and granted on the ground that the evidence failed to show that the deceased was free from contributory negligence. The plaintiff excepted, and

made a motion for a new trial on the minutes, which, after consideration, was granted. From the order setting aside the nonsuit and granting a new trial. the defendant appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lyon & Painter, for appellant.

Hinman, Howard & Kattell, for respondent.

CHESTER, J. The only question presented for decision on this appeal is whether the evidence was such as required the submission of the case to the jury in the first instance. It is settled by the authorities that such submission is required where conflicting evidence fairly presents questions of fact for determination, and where the result depends upon the weight which might be given by the jury to the evidence presented on behalf of the respective parties. Colt v. Sixth Ave. R. R. Co., 49 N. Y. 671; McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282; Place v. N. Y. C. & H. R. R. Co., 167 N. Y. 345, 60 N. E. 632. And this is the rule even though the court might deem it its duty to set aside a verdict for the plaintiff and grant a new trial as against the weight or preponderance of the evidence. Same cases. The plaintiff, in support of the order appealed from, is entitled to the most favorable inferences deducible from the evidence, and every disputed fact must be treated as established in her favor. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. Applying this rule, I am of the opinion that the jury might have found from the evidence that the deceased could not have seen or heard the approaching train until the instant his horses reached the track, and too late to prevent the accident. There was, I think, sufficient evidence showing or tending to show this, and showing or tending to show that the situation was such that, if he had looked and listened, he could not have seen or heard the train until it was too late, and therefore a question was presented for the determination of the jury. Smedis v. B. & R. B. R. R. Co., 88 N. Y. 13; Fejdowski v. D. & H. C. Co., 168 N. Y. 505, 61 N. E. 888. The evidence was such that the jury might have found facts which would have relieved him from the application of the general rule requiring persons to look and listen before crossing at grade the tracks of a railroad. Cases last cited. While there was no direct evidence that the deceased did look and listen, there is some evidence from which the jury might have found that he exercised care in approaching the crossing. There was some conflict in the evidence as to the speed of the train, one of plaintiff's witnesses swearing to facts from which the jury might have found that it was running about 75 miles an hour. The engineer's estimate of speed was about 60 or 65 miles an hour. Different inferences could have been drawn by the jury from the evidence as to the speed with which the deceased was driving just before he was struck, and different inferences could have been drawn from the evidence relating to the distance within which the bus could have been stopped, loaded, as it was, with 13 men and a boy, besides the driver, and going on a

slightly descending grade. The defendant claims that the evidence shows that it could have been stopped instantly, and some of the plaintiff's evidence was that it could not be stopped in less than 15 feet. There was also much conflict in the evidence on the question whether or not any warning of the approach of the train to the crossing was given.

The argument by the defendant's counsel that plaintiff's intestate could have seen the approaching train if he had looked between the bank and the depot is based upon inferences drawn from the evidence most favorable to the defendant as to the speed of the train and of the team, and contrary to the rule above mentioned. If calculations as to such speed are based upon inferences from the evidence most favorable to the plaintiff, the jury might have found that the train was not in sight when plaintiff's intestate was where he could look at the tracks between the bank and the depot, and that when he reached a point where he could see the train on the other side of the depot his horses were already on the track, and the train nearly upon him, or that he was unable to stop them or back them off the track in time to prevent collision with the engine.

Upon the evidence we cannot say that the contributory negligence of the deceased was conclusively established, nor that the evidence left nothing, either of inference or of fact, in doubt, or to be settled by a jury. The question of contributory negligence, therefore, as well as of defendant's negligence, should have been submitted to the jury. Massoth v. D. & H. C. Co., 64 N. Y. 524.

The order setting aside the nonsuit and granting a new trial was proper, and should be affirmed, with costs. All concur, except CHASE and HOUGHTON, JJ., dissenting.