## MILLER v. NEW YORK TAXICAB CO.

### (Supreme Court, Appellate Term. January 27, 1910.)

1. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENT USE OF STREET—ACTIONS—SUFFICIENCY OF EVIDENCE.

    In an action for injuries from being struck by an automobile, evidence that plaintiff was struck while walking on a street, exercising due care, by the automobile, which none of the witnesses had seen until the moment of the collision, though they had taken particular pains to look for it, was sufficient to take the case to the jury; it making out a prima facie case of negligence against defendant and of freedom from contributory negligence on the part of plaintiff.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*] ·

2. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—CROSSWALKS—RIGHT OF PEDESTRIAN.

    A pedestrian has equal rights to the use of a crosswalk over a street with the driver of an automobile using the street.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

3. TRIAL (§ 139*)—SUBMISSION TO JURY—PRIMA FACIE CASE FOR PLAINTIFF.

    Where the evidence on its face makes out a case for plaintiff, it is error to dismiss the complaint, though the judge might set aside the verdict if dissatisfied with it.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 338-341; Dec. Dig. § 139.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bessie Miller, by Rubin Miller, her guardian ad litem, against the New York Taxicab Company. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Morris Meyers, for appellant.

Lewis D. Mooney (J. Brownson Ker, of counsel), for respondent.

GIEGERICH, J. The plaintiff was run down by an automobile of the defendant company on Second avenue, at its intersection with East Fifty-Fourth street, in the borough of Manhattan, city of New York, and brings this action to recover damages for injuries so received. Her complaint was dismissed at the close of her case.

It appears from her own testimony and that of several other witnesses that the accident occurred as the plaintiff and her companions were crossing Second avenue on the northerly crosswalk from east to west and as the plaintiff was between the westerly car tracks. The plaintiff and all the other witnesses, who were crossing the avenue together, tes-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tified that they looked both up and down the avenue before they went upon the tracks, but saw no car or automobile. Each of them denied having seen the automobile until the moment of the collision.

From this testimony plaintiff was entitled to go to the jury. Her case was that, being upon the crosswalk, where she had an equal right with the defendant (Barker v. Savage, 45 N. Y. 191, 6 Am. Rep. 66; Young v. Herrmann, 119 App. Div. 445, 104 N. Y. Supp. 72), and exercising due care, she was struck by an automobile which none of the witnesses had seen until the moment of the collision, although they had taken particular pains to look for it. This state of facts is conceivable, and made out a prima facie case of negligence against the defendant, and of freedom from contributory negligence on the part of the plaintiff. Whether or not the testimony was credible was for the jury to say in the first instance. The judge could set their verdict aside if he was dissatisfied with it, but he could not dismiss the complaint when the evidence on its face made out a case for the plaintiff. Colt v. Sixth Ave. R. R. Co., 49 N. Y. 671; Place v. N. Y. C. & H. R. R. R. Co., 167 N. Y. 345, 60 N. E. 634; Lewis v. Erie R. R. Co., 105 App. Div. 292, 94 N. Y. Supp. 765; Reilly v. Troy Brick Company, 184 N. Y. 399, 77 N. E. 385.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.