[No. 8776. Department One. March 28, 1911.]

JULIA ELLEN DOMKE, *Respondent*, v. HENRY GUNNING, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES—INSTRUCTIONS—CARE REQUIRED. It is not prejudicial error to instruct that the owner of an automobile must exercise "exceeding" care upon the busy streets of a city, where in other instructions the jury were told that he must exercise reasonable care to avoid injuring any one, and would be liable if he failed to exercise such care as an ordinary prudent person would exercise under like circumstances.

SAME—COMMENT ON FACTS. In instructions as to the care required of the driver of an automobile, a phrase "moving quietly as it does," it not an unlawful comment on the evidence, where it had reference to automobiles generally and not to the one in question.

SAME—CARE REQUIRED. An instruction as to the care required of the driver of an automobile in a busy city street properly requires him to exercise such skill and care as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions.

SAME—REGULATIONS—ORDINANCES—"CURB"—BARRICADES. Under a city ordinance requiring drivers of automobiles upon turning corners to leave a space of six feet between the curb and the automobile, a fence or barricade in the street in front of a building that was being erected is properly taken as the "curb," where pedestrians were required to leave the walk and step into the street outside the fence or barricade.

APPEAL AND ERROR—PRESERVATION OF GROUNDS—INSTRUCTIONS— OBJECTIONS—AMENDMENT. It is unavailing to object that an instruction as to negligence of the driver of an automobile in any of the respects provided in the city ordinances "or otherwise" is outside the allegations of the complaint, in view of the rule that the complaint may be deemed amended; there being no objection that it goes beyond the evidence.

MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES — CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. An instruction that plaintiff, struck by an automobile, cannot recover if her negligence contributed in any "appreciable" degree is not objectionable as equivalent to "important" or "material" degree.

[1]Reported in 114 Pac. 436.

APPEAL—REVIEW—INSTRUCTIONS—REQUESTS. It is not error to refuse to instruct in the language requested, when covered in the general charge.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 18, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Gallagher, Smith & Mack*, for appellant.

*Post, Avery & Higgins*, for respondent.

FULLERTON, J.—The appellant, while driving an automobile on the streets of the city of Spokane, ran against the respondent and severely injured her. She thereupon brought the present action to recover for the injuries so suffered, and on the trial was awarded a verdict in the sum of $3,500. From the judgment entered thereon, this appeal is prosecuted.

The assignments of error relate to certain instructions given by the court, and the refusal to give certain others, and failing to rule that the appellant was guilty of contributory negligence as a matter of law.

From the instructions, we quote the following:

"You will observe that the case proceeds upon the charge of negligence, plaintiff alleging that the defendant was negligent in the driving of his automobile and that this negligence was the cause of the collision with her, while the defendant denies negligence on his part and alleges that the proximate cause of the collision was the plaintiff's own carelessness and negligence.

"I instruct you that both the plaintiff and the defendant with his automobile had a right to the use of the streets of the city at the time and place in question, plaintiff having the right to cross the street and the defendant having the right to drive along the street with his automobile. Each party, however, owes a legal duty to the other in using the street. It was the duty of the plaintiff in starting across the street to exercise reasonable care for her own safety and it was the duty of the defendant in driving his automobile to

exercise reasonable care so as to avoid injuring any one or colliding with any other person upon the street.

"The operation of an automobile upon the busy streets of a city necessitates exceeding carefulness on the part of the driver. Moving quietly as it does, without the noise which accompanies the movement of a street car or other ordinary heavy vehicle, it is necessary that caution should be continuously exercised to avoid collisions with pedestrians unaware of its approach. The speed should be limited, warning of approach given, and skill and care in its management so exercised as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions.

"It was also the duty of the defendant to observe all the provisions of the ordinance of the city of Spokane with reference to the speed of driving his automobile, the giving of any signal or warning, and the manner in rounding corners. In this respect I instruct you that under the ordinance of this city it would be negligence on the part of any person driving an automobile to drive it at the place in question at a greater rate of speed than four miles an hour; also, it would be negligence for the defendant to round the corner from Sprague avenue into Post street closer to the curb than six feet.

"In this respect I instruct you that if you find from the evidence that there was debris or building material piled upon the sidewalk so that the same was impassable for foot passengers and that said debris and building material extended beyond the sidewalk into the street so that foot passengers were required to use the street in common with horses and vehicles, and if you find that the evidence also shows that this condition existed at the corner and upon both Sprague avenue and Post street and that there was a fence or barricade separating the debris and building material from the street, then the fence or barricade would be regarded as the curb in the provisions of this ordinance.

"If you find from the evidence that the defendant at the time and place in question failed to exercise such care in any or all these respects as an ordinarily prudent person would exercise under like circumstances, or if you find from the evidence that the defendant was negligent in any of the respects provided in the ordinance or otherwise, and that his

negligence in any of such respects was the direct and proximate cause of the collision and the injury to plaintiff, then the defendant would be liable to her for the injury she sustained.

"On the other hand, if you should find from the evidence that the plaintiff herein was negligent and that her own negligence was the direct and proximate cause of the collision and her injury, or that her own negligence contributed to the collision and the injury in any appreciable degree then the plaintiff cannot recover and your verdict will be for the defendant, even though the defendant himself was negligent."

The first exception is taken to that part of the third paragraph above set out wherein the court told the jury that the operator of an automobile upon the busy streets of a city necessitates exceeding carefulness on the part of the driver. It is contended that the word "exceeding" must be here construed to mean that the defendant was required to use the highest degree of care in order to prevent injury to pedestrians on the street, while such is not the rule; that the rule governing such cases is that the driver must use only ordinary care. But that it was not the intention of the court to so instruct is made plain by what it said both preceding and following this instruction. In the preceding paragraph, the court, after telling the jury that each of the parties were lawfully in the street, further told them that it was the duty of the defendant in driving his automobile to exercise reasonable care so as to avoid injuring any one, and in a later instruction, told them that if they found from the evidence that the defendant, at the time and place in question, failed to exercise such care as an ordinary prudent person would exercise under like circumstances, then he was liable to the plaintiff for her injuries. These instructions, which are conceded to correctly state the law of the case, would be inconsistent with the instruction complained of had it been the court's intent therein to rule that the measure of the plaintiff's duty was the highest degree of care. Nor do we think the jury could have misunderstood the court. The inference one gathers

from reading the instructions as a whole is that the court, in the paragraph in which the objectionable language is found, undertook to define what would constitute ordinary care on the part of an automobile driver on the public streets of a populous city. Looking to the instruction in this light, we see nothing objectionable in it. It fairly states the rule of ordinary care governing under the circumstances.

The appellant further objects to the phrase "moving quietly as it does," contending that it is a comment on the facts and the taking into consideration a fact which the court cannot judicially know. But it is obviously not a comment on any fact in the case, since the court was referring to automobiles generally, not the one in question here, and we think that it is within the common knowledge of mankind that an automobile with its pneumatic tires running on the comparatively level paved streets of a city moves quietly.

. The last sentence of the paragraph is also criticised, but we can hardly think it overstates the duties of an automobile driver under the circumstances. The degree of care used should be commensurate with the dangers naturally incident to the use of the automobile in the particular place, and while it is true that the driver is not required to anticipate or guard against anything that the appearances would not usually suggest to an ordinary prudent person, we do not think the court overstated the rule when he said that the driver should exercise such skill and care in the management of his machine "as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions."

The respondent pleaded and proved an ordinance of the city of Spokane making it the duty of a person driving an automobile on the streets of the city, "upon turning the corner of any street," to "leave a space of at least six feet between the curb and the . . . automobile. . . ." It appeared that on the lot fronting on the street where the accident happened, a building was being erected; that debris therefrom had been

piled in the corner of the street, around which a fence or barricade had been constructed, and pedestrians traveling along the street on reaching the corner would be obliged to leave the regular walk, step into the street, and walk around the outside of this fence or barricade.  The court charged the jury that this fence became the curb within the meaning of the ordinance, and that the appellant was guilty of violating the ordinance when he drove along the street if he did not keep his automobile six feet therefrom.  This instruction is assigned as error, but we think it correct.  The purpose of the ordinance was to keep vehicles, in rounding corners, out of the path usually taken by foot passengers, and the word curb was used as the most convenient term to mark one of the boundaries of the path, and not in a technical sense.  When a fence was used to mark the boundary of this path it became the curb within the meaning of the ordinance.

The appellant objects to the words "or otherwise," in the sixth paragraph of the instructions quoted, arguing that they authorize the jury to find against the defendant if they find that he was guilty of any negligence whatsoever, whether within the issues made by the pleadings or not.  But this court, after verdict, when no questions are raised as to the admissibility of the evidence, will treat the complaint as being as broad as the evidence, and hold any act of negligence proven to be within the issues.  Under this rule, since it is not complained that the instruction goes beyond the evidence, the instruction cannot be held to be too broad.

In the last paragraph of the instructions quoted it will be noted that the court instructed the jury that if the negligence of the respondent contributed to her own injury "in any appreciable degree" then she could not recover.  It is objected to this that the word appreciable as here used means "important" or "material;" and is equivalent to a charge that the negligence of the respondent to be a defense must be important or material.  But it is evident that the proper sense of the phrase is "any degree capable of being appre-

ciated," "any degree capable of being ascertained or discerned." From the viewpoint of the appellant, therefore, there can be no error in the instruction.

The instructions requested we shall not notice in detail. In most instances they were embodied in the court's charge, in so far as they were material, not in the language of the request at all times, but in substance and effect, and this is all that is necessary to comply with a request. In so far as they were proper and not given, we do not find them sufficiently material as to require a reversal of the case. So, also, with the claim that the respondent was guilty of contributory negligence. The evidence on the question was sufficiently contradictory to make it a question for the jury, rather than one of law for the court.

The judgment is affirmed.

GOSE, MOUNT, and PARKER, JJ., concur.