R. J. MATHERS, *Plaintiff in Error*, v. M. R. BOTSFORD, *Defendant in Error*.

Opinion Filed June 14, 1923.

1. Where the vision of the driver of an automobile is so obstructed or obscured by bright lights on a car coming from the opposite direction that the driver could not see any one on the road ahead of him, it is the duty of the driver whose vision is so obscured to exercise all ordinary and reasonable care and diligence to avoid injury to any one who might rightfully be on the road in front of him, even to the extent if need be of stopping his car if he could not see ahead of him because of the bright lights of the car he was meeting on the road.

2. While it may be negligence for a driver of an automobile to permit the bright lights on his car to obscure or obstruct the vision of a driver of another car on a public highway, yet this does not relieve the driver of the other car of the duty to exercise due care required by the circumstances and even to

stop if that is reasonably required to avoid injury to persons who may lawfully be on the road, but whose presence is not known to the driver because of the blinding light on another vehicle then approaching.

3. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*Price & Price,* for Plaintiff in Error;

*McCaskill & McCaskill,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding $6,000.00 damages for personal injuries caused by an automobile running upon the plaintiff, a pedestrian, on a public highway. There is evidence from which the jury may have found actionable negligence on the part of the defendant, and that there was no negligence on the part of the plaintiff that appreciably contributed to his injury. This affords a ground of liability.

It appears that the plaintiff was walking along a public

road, at night, that the defendant's automobile was behind the plaintiff going in the same direction, that just before the defendant's automobile overtook the plaintiff, a car was approaching from the front and that the bright lights of such car blinded the driver of the defendant's car so he did not see the plaintiff who was walking on the right side of the road until too late to avoid the injury.

Under these circumstances when the vision of the driver of the defendant's car was so obstructed or obscured by the bright lights on the car coming from the opposite direction that he could not see any one on the road ahead of him, it was the duty of the driver of defendant's car to exercise all ordinary and reasonable care and diligence to avoid injury to any one who might rightfully be on the road in front of him, even to the extent if need be of stopping his car if he could not see ahead of him because of the bright lights on the car he was meeting on the road. Pedestrians have rights in a proper use of public roads for travel, and drivers of vehicles should exercise due care so as not to injure others.

While it may be negligence for a driver of an automobile to permit the bright lights on his car to obscure or obstruct the vision of a driver of another car on a public highway, yet this does not relieve the driver of the other car of the duty to exercise due care required by the circumstances and even to stop if that is reasonably required to avoid injury to persons who may lawfully be on the road, but whose presence is not known to the driver because of the blinding light on another vehicle then approaching.

In this case it appears from the evidence that the driver of the defendant's car did not exercise appropriate care when his vision was impeded by the blinding lights on the car he was meeting. He reasonably should have suffi-

ciently slowed down or stopped his car rather than proceed when he could not see if any one was ahead of him, and this duty is not relieved because the driver of the other car was at fault in using his bright lights at the time, since the plaintiff was in no way responsible for the conduct of either driver and he appears to have been rightly on the road and contributory negligence is not so shown as to make the finding of the jury contrary to the law or to the evidence.

The amount of the verdict is not shown to be grossly excessive.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562.

Affirmed.

TAYLOR, C. J., AND BROWNE, WEST AND TERRELL, J. J., concur.

ELLIS, J., dissents.

ELLIS, J.—Dissenting.

The right of a pedestrian upon the street is neither superior nor inferior to the right of the operator of an automobile. The driver of the machine is required to exercise reasonable care to avoid injury to persons lawfully in the streets. The pedestrian and the driver of the automobile have equal rights in the streets. See Lane v. Sargent, 217 Fed. Rep. 237; Wollaston v. Stiltz (Del.), 114 Atl. Rep. 198; Wortman v. Trott, 202 Ill. App. 528; Emery v. Miller, 231 Mass. 243, 120 N. E. Rep. 655; Miller v. New York Taxicab Co., 120 N. Y. Supp. 899; Schoepp v. Gerety, 263 Pa. St. 538, 107 Atl. Rep. 317; Weidner v. Otter, 171 Ky. 167, 188 S. W. Rep. 335; Dozier v. Woods, 190 Ala. 279, 67 South. Rep. 283; Texas Motor Co. v. Buffington, 134 Ark. 320, 203 S. W. Rep. 1013; Park v. Orbison, 43 Cal. App. 74, 184 Pac. Rep. 428; Wellington v. Reynolds, 177 Ind. 49, 97 N. E. Rep. 155; Wine v. Jones, 183 Iowa 1166, 162 N. W. Rep. 196-168 N. W. Rep. 318; Pool v. Brown, 89 N. J. L. 314, 98 Atl. Rep. 262; King v. Holliday, 116 S. C. 463, 108 S. E. Rep. 186; Core v. Wilhelm, 124 Va. 150, 98 S. E. Rep. 27; Lampe v. Jacobsen, 56 Wash. 533, 90 Pac. Rep. 654.

The above rule is probably subject to the qualification that the rights of pedestrians and drivers of vehicles in the streets are equal at street crossings, but when a pedestrian is using the street as a sidewalk a greater degree of care is imposed upon him to avoid danger than when he is crossing the street or at a street crossing.

The law imposes reciprocal obligations upon pedestrians, using that part of the street set apart for vehicles, and the driver of vehicles. What constitutes reasonable care on the part of a driver of an automobile depends upon the circumstances of the particular case as bearing upon

the conduct and the affairs of men, for what may be reasonable and prudent in one case may under different circumstances and surroundings be gross negligence. White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 South. Rep. 479.

In order therefore to determine whether the requisite care was observed the running of the car must be viewed in the light of the "exigencies of the situation." Ginter v. O'Donoghue, (Mo. App.), 179 S. W. Rep. 732.

While reasonable care is exacted of the driver of an automobile this is far from requiring him to be an insurer against accidents to pedestrians. Barger v. Bissell, 188 Mich. 366, 154 N. W. Rep. 107; Herald v. Smith, 56 Utah 304, 190 Pac. Rep. 932; Czarniski v. Security Storage & Transfer Co., 204 Mich. 276, 170 N. W. Rep. 52.

The burden is upon the injured person to show that the driver of the automobile was guilty of negligence which was the proximate cause of the injury of which he complains. Millsaps v. Brogdon, 97 Ark. 469, 134 S. W. Rep. 632; Winter v. Van Blarcom, 258 Mo. 418, 167 S. W. Rep. 498.

An accident to a pedestrian which is occasioned by an automobile when no wrongful act on the part of the driver of the machine is shown is classed as an unavoidable accident and no liability will attach to the driver or owner. This proposition necessarily follows from the rule that automobilists are not insurers. Simeone v. Lindsay, 6 Penn., (Del.) 224, 65 Atl. Rep. 778; Stahl v. Sollenberger, 246 Pac. St. 525, 92 Atl. Rep. 720.

The principle is illustrated by those cases where an automobile is proceeding along the road or street with due care, the driver guilty of no pre-existing negligence rendering it impossible to avoid the accident, and a person steps in front of the machine or is discovered walking in

front of it so close that the driver although using every means to avoid the accident is unable to do so. Hyde v. Hubinger, 87 Conn. 704, 87 Atl. Rep. 790; Stahl v. Sollenberger, *supra;* Sorsby v. Benninghoven, 82 Ore. 345, 161 Pac. Rep. 251; Lemieux v. Heath, 116 Me. 55, 100 Atl. Rep. 1; Lovett v. Scott, 232 Mass. 541, 122 N. E. Rep. 646; Winter v. Van Blarcom, *supra;* Huddy on Automobiles (6 Ed.) Sec. 419.

More care is required of pedestrians, walking in streets between crossings than at crossings, to avoid accidents. Arnold v. McKelvey, 253 Pa. St. 324, 98 Atl. Rep. 559.

The facts in the case were: The driver of the automobile, a young man about eighteen years old, the son of the owner of the machine, was proceeding along a road outside the city limits of the City of Miami on what is known as the Dixie Highway, driving the automobile at the speed of about fifteen miles per hour. The time was between seven and eight o'clock at night. He was traveling north and was on the right-hand side of the road. The injured man was walking on the right-hand side of the road going north. He saw the light of the approaching automobile, so he testified. He said, "I stepped clear out on the right so none of it would strike me, but this feller must have been driving very carelessly because I stepped out as I saw the lights and you know you can see a light a good ways on the pavement and I just stepped out as he struck me."

Here was a distinct admission that he saw the lights of the approaching automobile. He was therefore warned and should have used reasonable care to avoid the accident. Referring to the lights he said they were bright. He distinguished the light from that afforded by the dimmers. Notwithstanding this warning he "stepped out" as the car struck him. This statement is unintelligible.

If he meant that he stepped out of the road then he was not struck by the defendant's machine because there is no evidence that the car left the road and ran up on the grass plot to the right. Upon the other hand the evidence shows that the automobile ran to the left of the curbing toward the center of the roadway. If he meant that he stepped in front of the car his own negligence would bar any recovery, there being nothing to show excitement due to proximity of danger. At the time of the accident, according to the plaintiff, there was a good deal of traffic on the highway, "automobiles going both ways."

On cross examination the plaintiff said that when he saw the lights of the approaching automobile he "immediately stepped out to the right of the road" and in "probably half a minute" the automobile struck him. He said in answer to a question that if he had been five or six feet from the paved portion of the road he would not have been struck. It would seem, therefore, if his statement was true, that he had ample time to have gotten beyond the point of danger from the automobile which he knew was approaching from the rear.

When the injured man was picked up by the driver of the car and the driver of an automobile bus going south and passing at the time, he was lying partly in the road and partly to the right of the curb line in the grass. The defendant's car stopped within eight or ten feet from the spot where it struck the plaintiff.

The plaintiff produced as a witness the driver of the automobile, young Leslie Mathers. He testified that he was accustomed to driving the car and understood how to manage it. It was in good condition, the brakes being in "good shape." That he did not see the defendant until "practically the instant" he struck him. "I saw him and just the instant I saw him I tried to stop and then I

hit him just the same moment,'' he said. He was not more than two or three feet away from the plaintiff when he first saw him. He was driving about fifteen miles an hour, saw an automobile approaching with bright lights,. he turned off his bright lights and put on the dimmers. The bright lights of the approaching car ''blinded him.'' The dimmers of his car were on when he saw the plaintiff in front of him. The boy applied the brakes and tried to turn to the left. He was running three or four feet in the road, when he turned to the left he came about a foot nearer to the center of the road. There was no evidence that the car skidded in the grass or sand to the right of the road. There is no evidence that the machine left the road, on the other hand there is no contradiction, other than that implied by the plaintiff, that the machine of the defendant was near the center of the road when it struck the plaintiff. The road at that point is about twenty-one feet wide. The front right fender struck the plaintiff.

The majority opinion holds that under these circumstances the driver of the automobile was guilty of such negligence as to render the owner of the machine liable in damages to the injured man.

The negligence consists, so it is said, in the failure of the driver of the automobile to ''exercise all ordinary and reasonable care and diligence to avoid injury to any one who might rightfully be on the road in front of him even to the extent, if need be, of stopping his car if he could not see ahead of him because of the bright lights on the car he was meeting on the road.''

Reduced to its last analysis in the light of the circumstance's of this case that statement simply means: That when a person is driving an automobile which he understands and is able to manage, along a public road beyond a city's limits at the rate of fifteen miles per hour in the

night time and meets another automobile the bright lights from which "blind" the driver of the first machine it is the latter's duty to bring it to a standstill, otherwise he will be guilty of negligence rendering him liable in damages resulting from a collision with some object in front.

In the case at bar the object in front was the plaintiff who knew that the automobile was approaching from the rear and either did not step out of the zone of danger, or stepped into it, his own testimony does not make clear.

The word "blinded" as used by the witness and the connection in which it was used in this case, referring to the effect upon one's vision of the glaring light from an approaching automobile in the night, does not mean "total blindness" but partial deprivation of vision, rendering it difficult to see objects distinctly. Such is the effect of the dazzling or glaring light of an approaching automobile in the night time, while objects ahead and in the path of the approaching machine are faintly discernable, objects to one side or the other of the road are more easily seen. But to announce the doctrine that a failure to stop the automobile under such circumstances is *per se* negligence is to write a new regulation and impose a new standard of diligence in the law of the road.

I find no doctrine in the text books nor in the decisions of other courts which supports this drastic rule and there is nothing in the evidence to show that Mr. Mathers was guilty of any pre-existing negligence which rendered it impossible for him to avoid the accident when he became aware of the presence of the plaintiff ahead.

The automobile was in good condition, the driver was capable of driving it. He was traveling at a reasonable rate of speed, the road was not crowded with traffic. The lights from his machine were in good condition and warned the plaintiff of its approach. The young man was

mindful of the law and the courtesies of the road when he put his own ''dimmers on'' so as not to ''blind'' the driver of the approaching machine. He was 'driving upon the right side of the road and when he saw the plaintiff immediately in front of him applied his brakes and swerved to the left to avoid him. But under these circumstances, because he did not bring his automobile to a standstill when the lights of the approaching machine flashed upon him, and thus avoid striking a person whom he did not know was on the road, it is held that he was guilty of negligence and his father, the owner of the machine, must respond in damages for the resultant injury.

The driver of the automobile was under no legal duty to anticipate that there was a pedestrian upon the roadway in front of his machine under the circumstances. His legal duty was to have his car under control so that when he became aware of the imminent danger of a person ahead within a reasonable distance in which he could bring his car, traveling at a reasonable rate of speed, to a standstill to do so if such action was necessary to avoid danger.

The doctrine announced by the majority opinion would require each automobilist to bring his car to a full stop if he was blinded by the headlights of the approaching car. Such rule would lead to endless controversies between automobilists about the right-of-way and which had the superior right to proceed while the other remained at a standstill. Which should dim his lights and allow the other to pass?

Such a rule would require on the part of an automobilist on a country road to use the highest degree of care that the circumstances would suggest to a reasonably prudent and cautious driver, such a doctrine is an overstatement of the rule. The true rule seems to be that the driver ''should anticipate such collisions as the nature of the

machine and the locality might suggest as liable to occur in the absence of such precautions.'' Domke v. Gunning, 62 Wash. 629, 114 Pac. Rep. 436.

It cannot reasonably be said that the driver of an automobile traveling at fifteen miles an hour along a country road in the night time is liable to collide with an unseen pedestrian walking ahead of the machine who had notice of its approach in ample time to avoid injury to himself.

I think that the judgment should be reversed.