Mrs. Louise DE LOACH, Plaintiff,

v.

William D. LANIER and Earle A. Boone Agency, Inc., Defendants.

Civ. A. No. 322–M.

United States District Court
N. D. Florida, Marianna Division.

Oct. 21, 1954.

---

B. L. Solomon, Marianna, Fla., for plaintiff.

Liddon, Isler, Welch & Harris, Panama City, Fla., for defendants.

DE VANE, Chief Judge.

This is a suit brought by plaintiff to recover for injuries allegedly received in an automobile accident and for expenditures made for her hospitalization and care, as the result of her injuries in the accident.

There is no issue in this case, as to the defendants' liability. At the opening of the case defendants admitted liability and the case proceeded to hearing on the question of damages.

The evidence shows that on March 23, 1953 at about 12 Noon, plaintiff was driving her 1952 Cadillac automobile in a westerly direction on the right side of the road, a public street known as Bunkers Cove Road, in Panama City, Florida, when defendant, William D. Lanier, acting as an agent and servant of the defendant, Earle A. Boone Agency, Inc., negligently drove an automobile belonging to the Agency against the left front side of plaintiff's automobile. At the time of the accident a young child of plaintiff was riding with her in the automobile and she testified that as she leaned over to protect the child from injuries she received a whiplash and injured her back, as the result of which she has suffered much pain and is still suffering much pain.

The evidence in the case further shows that at the time of the accident plaintiff was approximately seven months pregnant; that she was, at the time and until the birth of her child, greatly concerned over whether the accident had injured the unborn child. Testimony shows it was not injured in the accident and is now a perfectly normal child.

Following the accident plaintiff got out of her automobile, examined the extent of the damages to it and after doing so, resumed her seat at the wheel and drove it to a garage. She did not immediately consult a physician in connection with any claimed injury, but she did promptly consult a well-known obstetrician to make sure her unborn child was not injured. In fact, the testimony shows that the condition for which she now complains did not develop until after the birth of her child, but that, thereafter, when she attempted to resume work she found herself unable to do so and began to suffer severe pain, according to her testimony, in her back and legs. And she offered medical testimony supporting her claim that she was and is now suffering pain from the consequences of this accident.

In an effort to correct the conditions of her back her doctor first strapped her up in plaster of paris and she wore this plaster cast for some weeks. Following its removal he prescribed for her a brace for her back, which she was still wearing at the time of the trial. Her physician testified to a fifteen percent permanent disability resulting from the accident.

The case is made difficult by the fact that plaintiff was involved in a similar accident about two years prior to this accident and that she brought suit in that case and claimed injuries, in every particular, similar to those claimed in this case, and in that case, as in this case, claimed that she sustained permanent injuries. That case resulted in a verdict and judgment in her favor for $2500. She testified at the trial in this case that she had completely recovered from that accident before she was injured in the accident here involved.

Another point of interest in this case is that she never consulted any of the physicians in connection with this accident that she consulted and who treated

her in the earlier accident and the physician who treated her for this accident testified that she never told him anything about the prior accident and that he assumed that her condition, as he found it, was the result of this accident.

Plaintiff was examined by a physician for defendants prior to the trial, who testified that he could find nothing wrong with plaintiff, except a neurotic condition, which, he believed, would clear up with the termination of the case.

This is the fourth case of a similar nature that this court has been called upon to decide in recent years. Ready v. Pure Carbonic, Inc., D.C. 84 F.Supp. 321; Fossler v. Blair, D.C., 90 F.Supp. 574 and Norton v. U. S., D.C., 110 F.Supp. 94. The court will, therefore, not repeat here what it said in the other case about damage suits of this character, other than to say that where a plaintiff is entitled to recover at least nominal damages, such plaintiff, in ordinary cases where neurosis is evident, should also be entitled to some compensation for the neurotic condition she finds herself in as the result of the accident and the punishment she takes in attempting to correct the assumed injuries. As long as the amount of damages awarded in such cases is restricted to a reasonable amount, this, in itself, should tend to discourage this type of litigation.

In this case the court holds that $2000 will adequately compensate plaintiff for her personal injuries and her pain and suffering resulting from the accident.

As stated above, plaintiff expended considerable sums of money for treatment as the result of her alleged injuries. The evidence shows she expended the sum of $1607.44. Defendants challenged the reasonableness of this expenditure, but submitted no evidence to rebut it. In the complaint filed in the case plaintiff asked for $1500 for expenses for medical care and hospitalization and the court holds she is limited to recovery of this amount; which, added

to the $2000, brings the total award in this case to $3500.

A judgment in conformity with this memorandum decision will be entered herein.