92 So.2d 270 (1957)
Lee CRUSE, Appellant,
v.
E.P. WILSON and Pat Hopper, trading and doing business as Wilson & Hopper, Appellees.
Supreme Court of Florida, Special Division A.
January 23, 1957.
*271 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and S.O. Carson, Miami, for appellant.
Henry Burnett and Fowler, White, Gillen, Yancey & Humkey, Miami, for appellees.
HOBSON, Justice.
This is an appeal by the plaintiff from summary final judgment dismissing his complaint.
The action was brought to recover for injuries and damage sustained when plaintiff overturned his truck in proceeding along a road when his vision was obscured by dense smoke. We have reviewed the record and are of the opinion, as the trial judge apparently was, that the plaintiff was guilty of contributory negligence as a matter of law. One whose vision is obscured has a duty to exercise care under the circumstances and stop if necessary, Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666; Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881. It appears that the plaintiff breached this duty, and was negligent in having entered the dense smoke in the first place.
The only point raised on this appeal which we consider it necessary to discuss is the contention of appellant that the appellees, E.P. Wilson and Pat Hopper, doing business as Wilson & Hopper, were required to register under the fictitious name statute, F.S. § 865.09, F.S.A. In this statute it is provided in part:
"`Fictitious names' shall include any trade name, whether a single name or a group of names, other than the proper name or known called names of those persons engaged in such business or professions."
Appellant contends that even though the names of these appellees were in fact Wilson and Hopper, these names were fictitious within the meaning of the statute because they did not include the first or given names of the appellees.
This point has never before been decided in Florida, but in other jurisdictions under similar fictitious name statutes it seems to have been universally held that the usual form of a partnership name, consisting merely of the surname of the parties, without the initials or given names, joined by "&" or "and", is not an assumed or fictitious name requiring registration under the statute. See the numerous cases cited for this proposition in Annotation, Doing Business Under Assumed Name, 42 A.L.R.2d 516, 558-560, supplementing the annotation on this subject at 45 A.L.R. 258. This result is required by logic as well as authority. Certainly the most positive and the simplest way for a person to designate himself is by the use of his own family name, and this cannot in any sense be called "fictitious." It was not intended by the statute that a person doing business under his own surname should be required to register it.
Affirmed.
TERRELL, C.J., and DREW and THORNAL, JJ., concur.