ALLEN, Acting Chief Judge.
This is an appeal from a judgment entered against the plaintiff, appellant here, in a negligence case which resulted in a jury verdict for the defendants, appellees here.. The involved collision occurred a few miles west of Orlando on State Highway No. SO at about six o’clock in the morning of January 6, 1953. The automobile in which plaintiff was riding as a passenger collided with the rear of defendants’ fuel oil truck in a heavy fog and smoke. It was dark at the time of the accident, the highway was wide and straight and had wide shoulders. There is conflict in the evidence as to whether the defendants’ truck was parked or moving and as to whether it was on the highway or partially off the highway. It appears that no one in the automobile in which plaintiff was riding saw the truck before the collision.
The appellant complains of the instructions of the trial court for three reasons: failure to include the plaintiff’s requested instructions, inclusion of various instructions at the defendants’ request, and overemphasis of the issue of contributory negligence. Plaintiff also complains the trial court erred in denying the plaintiff’s motion to withdraw the issue of contributory negligence from the jury, and in not permitting the plaintiff to cross-examine the defendants’ driver in regard to his activities immediately following the collision.
We believe, from a study of all the charges of the court, that such charges *642 were, in view of the evidence in this particular case, fair and were not prejudicial to the plaintiff. Apparently the charge^ on contributory negligence outnumbered the charges on other subjects, but a large number of these charges were in favor of the plaintiff-appellant. Therefore, we do not believe that the charges prejudiced the plaintiff if the issue of contributory negligence was' properly' súbmitted to the jury.
The transcript discloses that the driver of the defendants’ truck, as a witness for the defendants, testified as follows:
“Q. What did you feel 'and what did you do? A. Well, when the collision hit me it almost knocked me tin--der Willie’s truck and when it 'did, I whipped off the road and stopped and got out' and walked back.”
On cross-examination the plaintiff’s attorney asked the following two questions;
“Q. Now, how long was it before you came back and talked to these people?”
* * * ■ * .•*.-*
“Q. , What did you do after you parked your tractor-trailer?”
In each case the 'court sustained the defendants’ objection, that'‘this was' not cross-examination , of anything ' brought out on direct. The co'urt' questioned ' the attorney for the plaintiff as to the relevancy of-the: above que'stiops •„and the attorney replied • as follows:
“Well, it was’ brought out in the other evidence about how long it was before he came tip there. I just wanted to see if ' he tells the same story. That is all.”
The court informed the plaintiff that he could make' the witness .his witness if he desired. ■ Subsequently the attorney for the plaintiff'said: . •
“If Your Honor insists that I make the witness my witness for the purpose of going into one or two other matters, I will do so at this time.
“The Court:
“I didn’t say you cotild do it now and I don’t insist on anything. I am just taking what the rules of evidence are. You can comply- with the rules of evidence and use him as you see fit, at the proper time.”
No attempt was made by the plaintiff to call this witness subsequently.
The control of the testimony is primarily within the discretion of the trial judge and in the. absence of a strong showing of prejudicial error, will not be disturbed on appeal. See 5 C.J.S. Appeal and Error § 1716(c); also 58 Am.Jur., Witnesses, Section 673 ; 2 Fla.Jur., Appeals, Sections 336, 337 and 338; Andrews.v. Cardosa, Fla.App., 1957, 97 So.2d 43.
The remaining question, whether or not the trial court erred in over-ruling the motion of plaintiff to withdraw the issue of contributory negligence from the jury,1 involves a close study of all the evidence in the case. If there was any evidence of contributory negligence on the part of the plaintiff, .although conflicting, the case should have been submitted to the jury.
The record discloses that the plaintiff, Huffman, was riding on the front ¡seat of an automobile driven by his 19 year' old son-in-law. Huffman was familiar with the road and had apparently been paying careful attentio.n to the driving of the automobile. A short time before the collision he told the driver: ■ :
“Now let’s take it easy, there seems to be a little fog. We got plenty- of time.” .
■’. Huffman looked to the right of t¿e automobile and the driver ásked if he wanted to drive. The evidence shows he was watching as he went down the road. Huffman knew that there was a low spot *643 just beyond the Pine Hills Road, where they encountered the fog. He said that he saw the fog about a tenth of a mile before they got into it, but the driver did not slacken speed until they hit the fog. One of the appellant’s witnesses, who was riding in the back seat of the car before the collision, testified that he heard Huffman and the driver talking about the fog being pretty thick and that he could see it through the window a little.
The appellant’s second appendix contains excerpts from the trial proceedings, including parts of the testimony of Alvin Hulyn, the driver of the car of the plaintiff, and Todd, another passenger in the car.
The driver of the car in which plaintiff rode, while testifying, made the following responses to the following questions:
“Q. When you hit the second blanket of fog, as you call it, about how far was it from where you finally ran into the truck? A. Well, just a few minutes.
“Q. As much as two or three minutes? A. Well, I can’t say. In other words, I wasn’t thinking of that. My mind was on what was ahead of me and driving carefully. I wasn’t saying the exact minutes.
******
“Q. And you had been in that fog two or three minutes before the accident ?
******
“A. Like I said, I couldn’t say.
“Q. It could have been as long as two minutes though ? A. It is possible.
******
“Q. And about how far ahead of you could you see when you got into the fog? A. When I hit the fog I couldn’t see.
“Q. About as far as from me to you? A. About that distance.
“Q. Would you say that was 10 feet? A. That is a little more than 10 feet.
“Q. About how far is it? A. Well, you are approximately six foot tall, well, a little more, somewhere around it. I would say about 16 feet.-
“Q. You would call from me to you 16 feet? A. Yes, sir, between 14 and 16 feet.
* * * * * *
“Q. Well, I’m not asking you time, I am asking you distance. About how far was it in distance ? A. I couldn’t say that. Just a few minutes. Went into it an’ boom, that was it.
“Q. Was it as much as 300 feet? A. Well, —.
“Q. 100 feet? A. Well, I couldn’t tell the distance.
“Q. Was it as much as 1000 feet? A. I just couldn’t say.”-
During plaintiff’s testimony he made the following responses to the following questions :
“Q. Have you changed your opinion as to how fast you were going since that time? A. Well, on the ground of what I said in the time that we hit the car, we were running around 25, 20 or 25 miles per hour at the time we hit the car and that is what I would still estimate that we were running.
“Q. Well, have you changed your opinion about how fast you were running when you came to the last fog?A. Well, I don’t think so.” -
In the case of Cruse v. Wilson, Fla.1957, 92 So.2d 270, 271, the Supreme Court, in an opinion by Mr. Justice Hobson, said:
“The action was brought to recover for injuries and damage sustained when plaintiff overturned his truck in *644 proceeding along a road when his vision was obscured by dense smoke. We have reviewed the record and are of the opinion, as the trial judge apparently was, that the plaintiff was guilty of contributory negligence as a matter of law. One whose vision is obscured has a duty to exercise care under the circumstances and stop .if necessary, Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666; Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881. It appears that the plaintiff breached this duty, and was negligent in having entered the dense smoke in the first place.”
It will be observed that in the above cited case that the Circuit Judge determined, without a jury, that the plaintiff was guilty of contributory negligence. It is true that in the said case the plaintiff was also the driver of the car, while in the case now before this Court the plaintiff was a passenger in the automobile. However, the case was submitted to the jury and the jury verdict resulted in favor of the defendants.
In the case of Knudsen v. Hanlan, 1948, 160 Fla. 566, 36 So.2d 192, 194, the Supreme Court, in its opinion, said:
“ * * * As we understand the law, a guest riding in an automobile is entitled, save under exceptional circumstances, to trust the vigilance and skill of his driver, unless such occupant knows, or by the exercise of ordinary and reasonable care should know from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger. In such case it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest or other means suitable to the occasion, to control the conduct of the driver. However, before the duty to warn, protest, or take other such action suitable to the circumstances of the case, arises, it is necessary that the occupant should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, and there must be sufficient time and opportunity for the guest to give warning or make protest before the happening of the accident; for a guest in an automobile may know at a particular time what the driver is doing, yet have no reason to realize that it is necessary that he intervene for his own safety. See Restatement of the Law, Torts, Volume II, pp. 1281— 1284, 1230, 1231, 1262; Huddy’s Cyclopedia of Automobile Law, 9th Ed. pp. 257, 258, 265.”
See also 3 Fla.Jur., Automobiles, Secs. 169 and 170.
We are of the opinion that the record shows sufficient evidence to justify the trial court’s submitting the issue of contributory negligence to the jury for their determination. The jury returned a verdict against the plaintiff, which was approved by the able trial judge. We find no prejudicial error in this case, so it should be affirmed.
Affirmed.
THORNAL and P ATT IS HALL, Associate Justices, concur.