KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an amended final judgment and order taxing costs. We affirm.
Appellant brought an action against ap-pellee Roma Financial, Inc., for having entered into a lease with his sisters, without his permission, for a parcel of property of which he was a co-owner as tenant in common. Thereafter, he filed an amended complaint and joined his sisters as co-defendants. Appellant sought, among other things to have the lease declared null and void. Subsequently, the matter proceeded to a jury trial, and, pursuant to appellees’ motion for a directed verdict, the trial court ruled that as a matter of law the lease was not void as a matter of law by the failure to join appellant in the lease. The jury, as to the other questions presented, returned a verdict in appellant’s favor, but found no damages due. Thereafter, the trial court *1028 awarded an order of costs in favor of appel-lee Roma Financial, Inc., and entered an amended final judgment holding, among other things, that the lease was not void as a matter of law because of the failure of appellant to join in its execution.
Appellant phrases one of his points on appeal as follows: “Whether defendant’s [appellees] summary judgment motion should have been denied where the non-consenting plaintiff [appellant], co-owner, has a right to eject the lessees.”
Both appellant and appellees state that there are no Florida cases directly in line with the point on appeal. However, we have found persuasive authorities from other jurisdictions cited in an Annotation, 49 A.L.R.2d 797 (1956), that support the trial court’s finding that the lease agreement was not void as a matter of law for the failure to join appellant in the lease. Accordingly, we hold that this point is without merit. We note that appellant has neither sought ejectment of the lessees nor attempted to gain possession of the property.
We have carefully reviewed appellant’s other two points on appeal and find them to be without merit. See, e. g., Huffman v. Peek, 102 So.2d 641 (Fla.2d DCA 1958); and § 57.041 Fla.Stats. (1977).
Affirmed.