PAUL WINTER, by his Next Friend, Appellant, v. J. C. and FREDERICK VAN BLARCOM.

**Division Two, May 26, 1914.**

1. **EVIDENCE: Admissions.** A statement by an automobile driver who had run down a boy, that he would do all in his power to help the boy's mother and would be responsible for all debts in the case, is not an admission of liability, and it is not competent testimony in the suit for damages for the injuries.

2. **NEGLIGENCE: Automobiles: Evidence: Prima-Facie Case.** Where plaintiff's evidence tends to show that he, a boy ten years old, ran behind a street car as it passed a crossing and then suddenly darted out and ran for the sidewalk, but was struck by defendant's automobile, and there is no showing that the speed of the machine was excessive, a demurrer was rightly sustained to plaintiff's evidence as failing to show any negligence on the part of defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*A. R. Taylor* and *Howard Taylor* for appellant.

*George L. Edwards, Percy Werner* and *Seddon & Holland* for respondents.

WILLIAMS, C.—Plaintiff, a minor, sues by next friend to recover $4500 as damages for personal injuries received by being struck by defendants' automobile, while near the intersection of Maryland and Newstead avenues in the city of St. Louis. Upon the trial of the cause in the circuit court of the city of St. Louis, the court sustained a demurrer to plaintiff's evidence. Plaintiff thereupon took a nonsuit with leave to move to set the same aside. Later, plaintiff's motion to set aside the nonsuit was overruled and plaintiff perfected an appeal to the St. Louis Court of Appeals. While the appeal was pending in the St. Louis Court of Appeals, defendant J. C. Van Blarcom died. The death of said defendant was suggested to said Court of Appeals and a request made that a citation be issued to Mary G. Van Blarcom, the duly appointed executrix of the estate of said deceased, to show cause why the cause should not be revived against her as such executrix. The citation was duly issued and served and as a return thereto said executrix filed demurrer to said order to show cause alleging as grounds therefor that (1) by the death of said J. C. Van Blarcom "said cause, if any, abated and did not survive;" (2) that section 5438, Revised Statutes 1909 (Laws 1907, p. 252), "which provides for survival of certain causes of action, in so far as it applies to this case, is retroactive and in violation of article II, section 15 of the Constitution of Missouri."

On account of the constitutional question, thus raised, the St. Louis Court of Appeals properly certified the case to this court for determination.

The injury occurred April 22, 1907; section 5438, Revised Statutes 1909, became a law June 14, 1907. Said defendant's death occurred after said law had gone into effect and after the case had been appealed to the St. Louis Court of Appeals.

The negligence of defendants is alleged in the petition as follows: "That on said day the defendants were running and operating an automobile westwardly on Maryland avenue at or near the intersecton of Newstead avenue with Maryland avenue; that defendant, Frederick Van Blarcom, was operating said automobile as the chauffeur of defendant, J. C. Van Blarcom; that on said day the plaintiff was passing northward over Maryland avenue at or near the west crossing of Maryland and Newstead avenues when defendants' said chauffeur in charge of said automobile, carelessly and without using any care to watch for persons and children on said street, and negligently and without using any care to control said automobile and prevent it from running against and upon the plaintiff, and negligently, without giving any signal to the plaintiff of the approach of said automobile and without using any care to slow down or stop said automobile and prevent injuring the plaintiff, and while running said automobile at a high and negligent speed, caused and suffered said automobile to strike, run against and permanently injure the plaintiff."

Plaintiff testified that he was ten years old and was on his way to school, going north across Maryland avenue on the west side of Newstead avenue when injured; that four other children were with him on their way to school. When they reached Maryland avenue three of his companions remained on the south side of said street and plaintiff and Eddie Bohn, one of his companions, started north across the street. That

there was a double street car track on Maryland ave-
nue and at the time plaintiff and Eddie Bohn were
crossing the street a westbound street car stopped at
the west crossing of said streets; that plaintiff was just
behind the car when it stopped, and touched the pin
on the back of the car and then ran toward the north
sidewalk. Eddie Bohn, his companion, was on the
car step and while plaintiff was running to the north
side of the street he did not look to the east for automo-
biles or vehicles but was looking west "watching Eddie
Bohn hop off the car;" at this time plaintiff was struck
by the automobile. The automobile was going west.
After he was struck he pulled himself over to the side-
walk; that he was on the crossing when hit by the au-
tomobile, but when he came to his senses "he was fif-
teen feet from the crossing and the automobile was
standing out in the street in front of him." One of
defendants placed him in the automobile and took him
to the Baptist Sanitarium where he remained three
weeks suffering from the fractures of three ribs and
a punctured lung. On cross-examination, he said that
he had been going to school three years; "was in the
fourth reader," and that during his last two school
years he had passed over this crossing on an average
of four times a day; that his mother had cautioned
him to look out for automobiles and carriages; that
the accident happened about 12:30 p. m., while on his
way back to school; that the automobile ran about fif-
teen feet after striking him; that he heard no sound
or signal before he was hit by the automobile. Plain-
tiff's mother testified concerning the injuries received
by plaintiff and also that she saw defendant J. C. Van
Blarcom at his office after the accident and that de-
fendant "said his son was competent to run his ma-
chine and that he had been a chauffeur for six years."

Dr. Greer testified concerning the injuries and
that defendant Frederick Van Blarcom told him "it
was very hard to stop the machine; that he had been

a chauffeur for several years and that he was very sorry that this should have happened."

Fred B. Thomas testified that he was a motorman for the United Railways Company and was standing on the back platform of the street car, above-mentioned. Witness was off duty at the time and saw the plaintiff just behind the street car and saw him run from the tracks toward the curbstone; that the rear of the street car had passed beyond the street crossing about twelve feet when plaintiff ran in front of the machine; that just before plaintiff ran across the street, he was running behind the street car, pulling the pin out of the draw bar on the back part of the street car, and after pulling the pin out, dropped it, and ran across the street in front of the automobile. He saw the automobile strike plaintiff and when the witness first saw the automobile it was about ten feet from the boy; that plaintiff got over to the far side of the machine before it struck him; that the automobile ran about thirty feet from where the plaintiff lay.

Samuel A. Baird, the conductor on the street car, testified that he was on the back platform of the car and saw plaintiff behind the car, running to keep up with the street car. At this time the street car was thirty or forty feet west of the street crossing, and plaintiff suddenly ran, from his position behind the car, across the street toward the curb and was struck by the automobile; that the automobile was close to plaintiff when witness first saw it; that it was more than ten feet away but he didn't know the exact distance. The witness couldn't say whether he heard the automobile horn sounded or not. When asked if he didn't hear the automobile "toot" before it reached the crossing, he answered: "It seems to me I did hear it then, but I couldn't say positive."

Dr. Lemen and two witnesses testified concerning the injuries.

This was all the testimony introduced by plaintiff. At the close of plaintiff's testimony, defendants' demurrer to the evidence was sustained.

## OPINION.

I.   Appellant contends that "the court erred in striking out the testimony of Mrs. Winter as to the admission of Frederick Van Blarcom."

**Admissions.**   The testimony here mentioned was as follows: "Q. What did Mr. Frederick Van Blarcom say in regard to the automobile and the injury to the boy? A. He sympathized with me, told me he would do all in his power to help me and be responsible for all debts in the case and that I should not worry." Upon defendants' motion the above testimony was stricken out. Appellant contends that this testimony was competent for the purpose of showing an admission of liability on the part of defendant. We are unable to agree with this contention. The declaration was not an admission of liability for the injury but was evidently nothing more than an offer to pay the cost of treatment of the injured boy. It was not an admission that defendants' negligence was the cause of the injury. The ruling of the trial court, in this regard, was not erroneous.

**Negligence:**
**Automobiles:**
**Evidence.**

II.   It is next contended that error was committed in sustaining defendants' demurrer to the evidence.

The negligence charged in the petition was that defendants negligently, (1) failed to use care in watching for children on the street; (2) failed to use care to control said automobile and prevent it from striking plaintiff; (3) failed to give any signal to plaintiff of the approach of said automobile; and (4) ran said automobile at a high and negligent speed.

Upon a careful review of the testimony, we are unable to find any evidence sufficient to make out a prima-facie case for plaintiff under any of the charges

of negligence above enumerated. Plaintiff testified that he did not hear the automobile horn sounded, but the evidence does not show that the situation was such as imposed upon defendants the duty of sounding the horn. It clearly appears from the evidence offered by plaintiff that he was running behind the car tampering with the draw-bar pin, and suddenly darted, or ran, from this position to a place in front of the automobile so close to it that the accident was unavoidable. The space from the street car to the curb was certainly not very great and plaintiff, running, would quickly cover the distance. The automobile therefore must have been very close to the place of the accident when plaintiff, evidently without any prior indication so to do, suddenly turned aside and ran in front of the automobile. There is no evidence that the automobile was being run at an excessive rate of speed. The speed of the automobile was not shown. Plaintiff testified that it stopped within fifteen feet of the place where it struck him. We do not say that the defendants were free from negligence—the evidence is not sufficiently clear and full to determine that question—but it can be fairly said that the evidence *fails to show* any negligence upon the part of the defendants. This was a matter of proof and the burden to so prove was upon the plaintiff. The mere fact that the plaintiff was struck by the automobile is not a sufficient showing to prove that it was caused by the negligence of defendants. So far as the situation is disclosed by the present evidence, it would appear that the proximate cause of the injury was plaintiff's act in suddenly turning, from his position back of the street car, and running across the street in front of the automobile, too close to the same to give the driver thereof an opportunity to avoid striking him.

We therefore conclude that the trial court properly sustained the demurrer to the evidence and later

properly overruled plaintiff's motion to set aside the nonsuit.

Since the above conclusion results in the final disposition of the case, a discussion of the constitutional question involved in the matter of the revival of the cause of action against the executrix of one of the defendants, becomes unnecessary.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.