# Stahl, Appellant, *v.* Sollenberger.

*Negligence—Automobiles—Pedestrians—Infants—Death—Non-suit.*

In an action to recover damages for the death of plaintiff's minor son, who was struck by an automobile while on the roadway of a viaduct, a nonsuit was properly entered where it appeared that a footway parallel to the driveway had been provided for pedestrians and there was no evidence to show that the deceased was upon the driveway for a sufficient time before defendant's car approached to permit of his being seen in time to stop the car, and no other evidence from which the negligence of the defendant could be inferred.

Argued May 22, 1914. Appeal, No. 2, May T., 1914, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1910, No. 544, refusing to take off nonsuit in case of Esther Stahl v. D. S. Sollenberger. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's minor son. Before MCCARRELL, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Isaac Hassler,* with him *Edward F. Doehne* and *O. G. Wickersham,* for appellant.

*C. H. Bergner,* with him *S. S. Rupp,* for appellee.

OPINION BY MR. JUSTICE POTTER, October 5, 1914:

This is an appeal from the refusal of the court below, to take off a judgment of compulsory nonsuit. The

plaintiff sought to recover damages for the death of her minor son, alleged to have been the result of the negligence of the defendant. The testimony as to the actions of the boy at the precise time of the happening of the accident, or immediately before, is rather meagre; but it appears that the boy was struck by the automobile of the defendant, while in the roadway of the Mulberry street bridge or viaduct in Harrisburg. The driveway for vehicles is in the center of the bridge and there is a footway for pedestrians upon either side. In the opinion of the court below, refusing to take off the judgment of nonsuit, it is stated that the boy for some unexplained reason went upon the driveway, and was struck by the automobile. After he was struck, another little boy was seen running on the left hand side of the car. The court says that "the conclusion is fully warranted, that plaintiff's son and his companion, suddenly and unexpectedly undertook to cross the driveway," and that the injury seems to have been caused solely by the sudden and unexpected movement of the boy. The court further says that there is no evidence that the child was upon the driveway, for a sufficient time before the defendant approached in his car, to permit of his having been seen, and the car stopped in time to prevent an injury. This states the essence of the case. If the fact in this respect is correctly put by the court below, then the judgment of compulsory nonsuit was properly entered. A careful examination of the testimony as submitted to us, fails to disclose any indication of the length of time the boy was in the roadway in front of the car before he was struck. Manifestly he had left the footway provided for pedestrians and was at the time of the collision in the place provided for vehicles. But how long he had been there was not shown. Yet this was the important matter in the case. The defendant cannot fairly or reasonably be charged with negligence, in failing to stop his automobile, and avoid the accident, unless it appeared that the boy entered the roadway at a sufficient distance from the

automobile, to permit of its being stopped before the collision occurred. If the boy suddenly left the footway, at a place where the driver had no reason to expect him to do so, and ran directly in front of the automobile, the result could hardly have been other than disastrous, even though the machine had been moving at a very reasonable rate. The court below felt that the only reasonable inference to be drawn from the testimony in this case, is that the boy did leave a place of safety, and unexpectedly dashed into danger. We find nothing in the evidence to warrant us in holding that this conclusion was wrong, or that any other inference could be legitimately drawn from the testimony. Cases are not uncommon where it is shown that a child leaves a sidewalk and runs upon the street, a certain distance in front of an approaching car. Under such circumstances there may be disputed questions of fact as to whether the driver should have seen the child, or whether the distance was sufficient to enable him, having his car under proper control, to bring it to a stop in time to avoid the accident. But in the present case, with no evidence that the child appeared upon the roadway in front of the car at any appreciable distance ahead of it, and with no circumstance shown that would tend to suggest to the driver, prior to the happening of the accident, the probability of the boy leaving the footway, or getting into danger upon the driveway, we think the trial court was right in holding that there was not sufficient proof of any negligence causing the accident, on the part of the defendant, to justify the submission of the question to the jury.

The assignment of error is overruled, and the judgment is affirmed.