## Lawson, By, etc. v. Gleeson.

(Decided May 12, 1925.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

1.  Trial—Instruction Held Not Erroneous as Assuming that Injured Boy Ran in Front of Approaching Automobile.—In action for injuries to boy from being struck by automobile, where undisputed evidence showed that boy jumped from sidewalk into street in front of automobile, instruction that if jury believed from evidence that boy ran in front of machine, and that driver after discovering peril failed to exercise ordinary care, resulting in injury to boy, verdict should be for plaintiff, held not objectionable as assuming that boy ran into street in front of automobile.

2.  Municipal Corporations—Driver's Negligence as to Boy who Suddenly Jumped in Front of Automobile Held for Jury.—In action against automobilist for injuring eight year old boy, where evidence showed that boy suddenly jumped in street in front of approaching automobile, and that automobile was being driven at reasonable rate of speed, held, that it was for jury to say whether driver exercised proper care to avoid striking boy after his peril was discovered.

A. E. STRICKLETT for appellant.

JOHN E. SHEPARD for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Damages were sought by appellant, Lawson, through this action against appellee, Gleeson, in the Kenton circuit court for personal injury resulting from being struck by the automobile of appellee. A jury trial resulted in a verdict for the defendant, Gleeson, now appellee, and Lawson, through his next friend, prosecutes this appeal.

George Seldon Lawson was only about eight (8) years old when the accident happened. The trial did not take place until about three years later. He and other boys were playing on the sidewalk on Eleventh street, in Covington. One of the boys had a broom and was striking at Lawson as the car of appellee, Gleeson, came along the right side of the street, traveling at a rate of ten to fifteen miles per hour. There was no one in the street. When the boy struck at young Lawson, who was then standing on the sidewalk, Lawson suddenly sprang into the street in the path of the approaching car and only a few feet from it. When he observed the approach of the car he hesitated a moment and then ran diagonally away from the car towards the opposite side of the street. To avoid striking the boy Gleeson swerved his car towards the north side of the street, the direction in which the boy an instant later started to run. According to his evidence he tried to control his car and avoid striking the boy, but the boy again turned in the car's course and he was struck, knocked down and the injuries inflicted. The car was traveling along the street at a moderate rate, at a place it had a right to be. The boy was on the sidewalk, as it appeared. When the boy suddenly jumped in the street in front of the car the duty of appellee, Gleeson, was to exercise ordinary care to avoid striking him after his peril was discovered. Whether he did exercise such care was a question for the jury.

Appellee, Gleeson, testified: "As I was going down I noticed the boys on the pavement. I was driving real slow right before I got to them; they were by the third post by Eleventh and Garrard; as I was about fifteen feet from that post this Hermes boy made a jump for the Lawson boy and he jumped in the street; I swerved the car; I thought I was going to get by all right, he had stopped and I started again, as I did he started again." All the evidence shows beyond question that the boy sud-

denly jumped in the street in front of the approaching automobile. There is some difference, however, in the evidence as to how far the car was away from the boy at the time he ran into the street.

The instructions are criticised. Appellant in brief says that the court erroneously assumed as a fact that young Lawson "ran into the street in front of said automobile as it approached," which was a question of fact to be submitted to the jury; this assumption on the part of the court unduly emphasized the fact he jumped in front of the car. As all the evidence proved that the Lawson boy jumped from the sidewalk into the street, we do not think the court erred in instructing the jury that if it believed from the evidence that the plaintiff, Lawson, ran into the street in front of said machine as it approached on the street, referred to in the proof, and that defendant, Gleeson, after discovering the peril of the plaintiff, failed to exercise ordinary care to avoid striking the boy, and such failure, if any, to exercise ordinary care on the part of the defendant resulted in the injury of plaintiff, to find and return a verdict for the plaintiff. The appellee, Gleeson, was guilty of no negligence, so far as the record shows, up to the time the boy jumped into the street in front of the approaching car, and none thereafter unless he failed to exercise ordinary care to avoid striking the boy after he discovered his peril. The boy and his companions were able to tell but little of how the accident happened. Appellee, Gleeson, and his witnesses gave the rate of speed at which the car was traveling, the distance from the car to the boy at the time he sprang into the street, and how the accident happened. It was for the jury to say from the evidence whether the driver of the car exercised that degree of care to avoid striking the boy as an ordinarily prudent person would have exercised under like circumstances. It concluded that appellee, Gleeson, did all that a reasonably prudent person would have done under the circumstances, and returned a verdict for him. We think the instructions were as favorable to appellant, Lawson, as he could have asked or expected. Finding no error to his prejudice, the judgment is affirmed.