EDWARD LABAY *vs.* LEON H. LEIKEN.

Hampden.    April 17, 1925. — May 22, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence*, In use of highway.    *Way*, Public: coasting.

A street in a city, on which coasting was permitted by municipal ordinance, ran down a hill into but not across another street on which coasting was prohibited. A boy, who twice had coasted down the first street, across the second street, and into a private alley, on the third trip ran into an

automobile which the owner, without knowing that the boy was coming, had driven along the second street and had turned uphill into the first street. In an action by the boy against the driver of the automobile to recover for injuries so caused, it was *held*, that as a matter of law the defendant could not be found to have been negligent in the circumstances.

TORT for personal injuries received by the plaintiff when coasting. Writ dated June 6, 1922.

In the Superior Court, the action was heard by *Qua*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied, and there was a verdict for the plaintiff in the sum of $4,600. The defendant alleged exceptions.

The case was submitted on briefs.

*J. B. Ely, W. A. McDonough, & C. F. Ely*, for the defendant.

*G. F. Leary & G. D. Cummings*, for the plaintiff.

BRALEY, J. The plaintiff, a boy twelve years of age, while coasting on the public ways in the city of Springfield, suffered personal injuries by coming in contact with the defendant's automobile for which he seeks damages. A verdict was returned for the plaintiff and the case is here on the defendant's exceptions.

The jury on the aspect of the evidence most favorable to the plaintiff would have been warranted in finding the following facts. Maple Street, starting on the north, runs on a descending grade southerly into an intersecting street known as Mill Street. There had been a fall of snow or hail rendering the surface of these streets suitable for coasting, which by a city ordinance was forbidden on Mill Street. The plaintiff with his sled, known as a flexible flyer, was at the top of Maple Street, while two of his companions were stationed at Mill Street to warn him before starting whether there were any vehicles passing through that street. The course was down Maple Street, across Mill Street, and after crossing the street, the coaster turned into a side alley on to private property. The plaintiff had safely passed over the course twice, but, when he started on the third trip, without

any warning having been given, the sled came into collision with the automobile which had just turned northward from Mill Street into Maple Street. The plaintiff understood that the route was not divisible. It was not his purpose to use only Maple Street and stop at the northerly side of Mill Street, if, indeed, such action on the record would have been feasible.

The field of operation as planned and used by him cannot after the accident be divided to the defendant's detriment into sections, on which the right of recovery was rested at the trial and is urged in argument before us. It is conceded, that if the collision had actually occurred on Mill Street he could not recover.

But the defendant, travelling along Mill Street, had the right to assume that neither the plaintiff nor other boys would be coasting through Maple Street and over Mill Street in violation of law. It is not contended, that the defendant was guilty of gross negligence or of wilful or wanton conduct, and when under the conditions described he entered Maple Street, he was not required in the exercise of ordinary care to apprehend, or anticipate, that Maple and Mill streets were being used in combination as a common coasting ground, which use required him to watch for passing flexible flyers.

The plaintiff having failed as a matter of law to show negligence of the defendant, the motion for a directed verdict should have been granted. *Keirnan* v. *Metropolitan Construction Co.* 170 Mass. 378. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 541. The exceptions must be sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*