EHRMANN and wife, Appellants, vs. CUDAHY BROTHERS COMPANY, Respondent.

*November 19, 1925—January 12, 1926.*

*Automobiles: Negligence: Failure to keep lookout or give warning: Proximate cause: Boy darting in front of truck: Contributory negligence: Special verdict: Form.*

1. In an action to recover for the death of a five-year-old boy who was struck by a truck at a street intersection, separate questions in the special verdict as to whether the truck driver kept a proper lookout, and whether the failure to keep such lookout was a want of ordinary care, should have been submitted in one question.    p. 550.
2. Separate questions as to whether the truck driver gave timely warning of his approach, and whether, if he failed to give such warning, such failure was a want of ordinary care, should likewise have been submitted in one question.    p. 550.
3. In this case it is *held* that the verdict as a whole indicates that the jury must have adopted the view that the boy suddenly darted out from the sidewalk in front of the truck in such a manner that the failure of the driver to keep a proper lookout or to give timely warning did not contribute proximately to the injury.    p. 549.

APPEAL from a judgment of the circuit court for Milwaukee county: FRED BEGLINGER, Judge. *Affirmed.*

On the 20th day of December, 1923, Howard Ehrmann, an infant of the age of five years and three months, was struck by an automobile truck belonging to the defendant. Green Bay avenue is a north-and-south street in the city of Milwaukee, and has located thereon two sets of street-car tracks; and Ring street intersects the avenue at right angles. The infant, shortly before 12 o'clock noon of the day of the accident, was returning to his home from a school situated in the neighborhood of where the accident occurred, and while endeavoring to cross Green Bay avenue from east to west, a few feet north of the intersection of said two streets, met with the accident complained of, which resulted in his death.

The case was submitted to the jury upon a special verdict, and the questions and answers of the verdict are as follows:

"(1) Did the driver of the defendant's truck fail to keep a proper lookout while approaching the place of collision? *A.* Yes.

"(2) If you answer the first question 'Yes,' then answer the following: Was the failure of such driver to keep such proper lookout a want of ordinary care on his part? *A.* No.

"(3) If you answer the second question 'Yes,' then answer the following: Was such want of ordinary care on his part a proximate cause of the collision? *A.* ——.

"(4) Did the driver of the defendant's truck fail to give timely warning of his approach to the place of collision? *A.* Yes.

"(5) If you answer the fourth question 'Yes,' then answer the following: Was such failure to give such warning a want of ordinary care on his part? *A.* No.

"(6) If you answer question 5 'Yes,' then answer the following: Was such want of ordinary care as is referred to in the fifth question a proximate cause of the collision? *A.* ——.

"(7) Did the driver of the defendant's truck fail to keep the same in proper control while approaching the place of collision? *A.* No.

"(8) If you answer the seventh question 'Yes,' then answer the following: Was the failure of such driver to keep said truck in proper control a want of ordinary care on his part? *A.* ———.

"(9) If you answer the eighth question 'Yes,' then answer the following: Was such want of ordinary care of the driver of said truck as is referred to in the eighth question a proximate cause of the collision? *A.* ———.

"(10) Did the driver of defendant's truck while approaching the place of collision drive said truck at an excessive rate of speed? *A.* No.

"(11) If you answer the tenth question 'Yes,' then answer the following: Was the operation of such truck at such excessive rate of speed a proximate cause of the collision? *A.* ———.

"(12) Did any want of ordinary care on the part of Howard Ehrmann proximately contribute to the collision? *A.* Yes.

"(13) Did any want of ordinary care on the part of the parents of Howard Ehrmann proximately contribute to the collision? *A.* By the Court. No.

"(14) What sum of money will reasonably compensate the plaintiffs for the pecuniary loss sustained by them as the result of the death of Howard Ehrmann? *A.* $1,800."

For the appellants there was a brief by *Cannon & Waldron,* attorneys, and *Levi H. Bancroft,* of counsel, all of Milwaukee, and oral argument by *Ray J. Cannon.*

For the respondent there was a brief by *Harvey M. Burns* and *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *Eugene L. McIntyre,* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

Doerfler, J. A few feet north of the northeast corner of the intersection there is a telephone pole, and it appears from the evidence of the witnesses of the defendant that while the driver of the truck was operating his machine a little to the east of the center of Green Bay avenue the infant suddenly darted out from behind the telephone pole,

and before the driver of the truck could exercise any pre-
cautions for the purpose of preventing an accident the colli-
sion occurred.  On the other hand, one of the witnesses for
the plaintiffs testified that the infant walked out from the
curb to a point a short distance east of the east rail of the
north-bound street-car track and there stood for a moment,
and· that while standing in this position he was struck.

The jury found the infant guilty, of contributory ·negli-
gence, and we will consider such finding in this opinion
solely in connection with the alleged negligence, of the de-
fendant.   Under the evidence in the case the jury was con-
fined to the adoption of one of two theories—either that the
infant walked out onto the street or that he suddenly darted
out into the street.   The jury also found that the operator
of defendant's truck did not operate the car at an excessive
rate of speed and that he did not fail to maintain proper
control of his car.   In answer to question number 1 the jury
found that the driver of the defendant's truck failed·to keep
a proper lookout; and in its answer to question number 2
found that such failure was not a want of ordinary care on
his part.   In its answer to question number 4 the jury found
that the driver of defendant's truck failed to give a timely
warning of his approach; and in its answer to question
number 5 found that such failure was not a want of ordi-
nary care.   Considering the answers of the jury to the
specific questions hereinbefore referred to as a whole, leads
to the logical and inevitable conclusion that the jury must
have adopted the view that the infant suddenly darted out
from the sidewalk in front of the oncoming truck in such a
manner that the failure of the driver to keep a proper look-
out or to give a timely warning did not proximately con-
tribute to the injury.

Whether a child of the age of the infant should, as a
matter of law, be held incapable of being guilty of con-
tributory negligence, it is unnecessary for us in this case to

determine.   We will say, however, that questions 1 and 2 and 4 and 5, in the form in which they were submitted, are not in accordance with the usual practice in trial courts. One question involving the elements of both 1 and 2, and likewise one question involving the elements of 4 and 5, should have been submitted, and the questions of proximate cause should have been answered.   The difficulty in the instant case, on the subject of the negligence of the driver of the truck with respect to proper lookout and timely warning, arises solely from the questions submitted.   The usual forms of submission followed by the courts are preferable, and in our view conform to proper practice.

*By the Court.*—The judgment of the lower court is affirmed.