[File No. 5863.]

C. H. KALSOW, Appellant, v. HENRY GROB and McCormick Transfer Company, a Corporation, Respondents.

(237 N. W. 848.)

Opinion filed July 2, 1931.

*Lemke & Weaver,* for appellant.
*Conmy, Young & Conmy,* for respondents.

BURKE, J. This is an action for personal injury.

The defendant Grob, an employee of the McCormick Transfer Company, on the 14th day of May, 1929, while driving a truck for the McCormick Transfer Company collided with one Eugene Kalsow, the minor son of the plaintiff. Grob was driving the truck south along 13th street North, in the city of Fargo, opposite the Woodrow Wilson School. The children had just been let out of school for the noon recess, and Grob testified, that, "As I came to the corner of 13th street and Third Avenue North, I saw a bunch of small children being held back by a patrol boy. The patrol boy was standing on the corner holding his hands out and keeping the children back off the street. I was traveling at a speed of about ten or twelve miles per hour, and when I turned into Third Avenue North and started east on Third Avenue I slackened the speed and held my hand out. There was a Ford car coming from the east on Third Avenue. I made a full turn and I passed right alongside of the Ford, possibly three or four feet between us. He had been coming up Third Avenue, but it almost came to a stop there, and just as I got over the sidewalk line this little boy darted

out from behind the Ford, and just within an instant was right in front of the truck." Question. "What was the distance between the Ford and your truck?" Ans. "Possibly three or four feet. The boy was moving fast." Ques. "How long did it take him to travel from behind the Ford until he was under the wheels of the truck?" Ans. "Approximately a half second. When I first saw him I applied all the brakes. I think the boy was struck before the brakes ever took hold. The car had no horn and one side of the foot brakes was defective. The emergency brake was in perfect condition and was the brake to use for a quick stop."

John Meyers, a witness for the plaintiff, testified; that he did not see the accident, but he saw the boy start across the street and after he got in the street he started running. There was a patrol officer on 13th street, to keep the children on the sidewalk and off the street but no patrol officer on Third avenue until after the accident.

It is conceded, that the brakes with the exception of the emergency brake were defective and that the emergency brake was in perfect order.

Arnold Cofell was at the filling station on the west side of Thirteenth street, right on the corner of Third avenue. He said: "I was standing in the doorway of the station. I saw the truck coming down 13th street and turn into Third avenue. It was traveling about 10 miles per hour. There was a Ford coming from the east; it slowed down practically to a stop right at the sidewalk. At the time of the accident it had practically stopped. I would say that the front end of the Ford was right up to the sidewalk. The first I saw of the boy I just got a glimpse of him running out from behind this car, and it was just part of a second and then I saw him fall down in front of the truck. He seemed to stumble and fell before the car hit him."

The errors specified all relate to the instructions of the trial judge, first, the court erred in instructing the jury in substance, that Eugene Kalsow, deceased, being a minor of the age of six years and four months was capable as a matter of law of contributory negligence. It will be noted that this specification does not give the instruction, but states, that the trial judge in substance so instructed the jury. We have been unable to find any such instruction in the record.

Second, that the court erred in instructing the jury, that the plain-

tiff could not recover for the loss of society or companionship, comfort, joy or pleasure which might come to him if the child had continued to live. Counsel in his brief states, that the lower court's instructions are in accordance with the decisions of our supreme court, but thinks that the former decisions of this court should be overruled.

In the case of Haug v. Great Northern R. Co. 8 N. D. 23, 42 L.R.A. 664, 73 Am. St. Rep. 727, 77 N. W. 97, 5 Am. Neg. Rep. 467, this court said: "Upon one point the cases are united, and that is that the only damages recoverable in this action are for the pecuniary loss. Nothing can be recovered for the loss of society or for damages in the way of solatium." Scherer v. Schlaberg, 18 N. D. 421, 24 L.R.A. (N.S.) 520, 122 N. W. 1000; Stejskal v. Darrow, 55 N. D. 606, 53 A.L.R. 1096, 215 N. W. 83.

The instruction is in accordance with what has been the settled law of this state for more than thirty years, and also with the great weight of authority.

Third, the court erred in instructing the jury in the following language: "It has been claimed here by the defendants and in evidence to some extent that the fault was on the part of the little boy that was injured and afterwards died; that it was due to their carelessness and negligence and that it could not be avoided by the defendants. If this be true, then the negligence of the boy would be the negligence of the father, the plaintiff, and if it was on account of the negligence of the boy that was injured and killed and on account of his fault, and it couldn't have been avoided if the defendant's employee, the defendant Grob was driving the truck at that time and at that place in an ordinarily prudent manner, such as an ordinarily prudent person would under all of the circumstances and conditions, then and in that case the plaintiff would not be entitled to recover." This specification must be considered together with the fourth specification, viz.:

"I charge you further, that in passing a public school where children are attending, that a person driving a truck or an automobile must keep a vigilant lookout ahead, and need not anticipate that persons will, when he is passing, from the side deliberately run into the highway or street ahead of or on to the truck or automobile that he is driving, but I charge you in this connection that he must have his truck or automobile under such control that if he has reasonable notice of a person

appearing suddenly and at a reasonable distance from him, that he can check and control such truck or automobile and avoid an accident or a collision. But I charge you in this case, that it is for the jury to determine under all of the evidence in the case, whether or not the child that was injured, and afterwards died, the child of the plaintiff, was at fault in suddenly appearing or running or walking on the street so close to the truck that was driven without notice to the man that was driving the truck that he could not avoid the injury; that if that was the condition at the time and the injury occurred and resulted on account of the fault of the deceased boy, then and in that case, the plaintiff would not be entitled to recover. I charge you however, as I said before, that in order to determine this, you must take into consideration all the evidence, both that on the part of the plaintiff and that on the part of the defendants, weigh, consider and compare it altogether, and when you have done so determine upon your verdict."

The court also gave the following instructions: "A person driving an automobile or a truck upon the street, must keep a careful lookout ahead for the purpose of avoiding injury to persons and property, and a person traveling upon the street must keep a lookout, a reasonable lookout in all directions, that is to say both sides of the street or highway that he is traveling. If he is traveling upon a street or highway that is built up with residences or public buildings, and if as in this case he is passing a public school that is in session at that time and being attended by pupils, this lookout must be continuously kept up with a view to avoiding, as I said before, any injury or damage to any person or property."

The court read at length to the jury the statute on reckless driving. The statute relating to the duties in crossing an intersection of highway relating to turning to the right at intersections. The statute relating to the duties in crossing an intersection or highway relating to turning to the right at intersections. The statute in relation to starting and stopping, the statute relating to the driver of any vehicle upon a highway within business or residence district, the statute relating to brakes and horns upon a motor vehicle.

The court did not submit to the jury the question of the contributory negligence of the plaintiff. He did say, in the instructions excepted to, "If it was on account of the negligence of the boy that was

injured and killed and on account of his fault," but this is immediately followed by the statement, "and *it couldn't have been avoided* and if the defendant's employee, the defendant Grob, was driving the truck at the time, and at that place in an ordinarily prudent manner such as an ordinarily prudent person would under all of the circumstances and conditions then and in that case the plaintiff would not be entitled to recover." This is followed by the statement, "but I charge you in this connection in this case that it is for the jury to determine on all of the evidence in the case whether or not the child that was injured and afterwards died was at fault in suddenly appearing in running or walking upon the street so close to the truck that was driven without notice, to the man that was driving the truck, that he could not avoid the injury, and if that was the condition at that time and the injury occurred and resulted on account of the fault of the deceased boy then and in that case the plaintiff would not be entitled to recover." From these instructions the jury could only find for the defendant in case they found from the evidence that the child appeared so suddenly and without notice to the driver of the truck that he could not avoid the accident, and the use of the terms "negligence of," "or the fault of the boy," was no more prejudicial, and perhaps more favorable to the plaintiff, than if the court had said, if you find from the evidence that the boy suddenly darted out from behind the Ford automobile and in front of the truck so suddenly that it was impossible for the driver of the truck by the exercise of due care to avoid the accident then you must find for the defendant. It is clear from the instructions, that if the defendant could have avoided the accident the plaintiff was entitled to recover, regardless of any negligence on his part and whether the defendant could have avoided the accident or not was dependent upon all of the evidence in the case including defective brakes, absence of horn, rate of speed and the attempt to stop the car after seeing the plaintiff, and was a question for the jury. Recovery is denied, not because of the contributory negligence of the child, but because of such a sudden appearance of the child before or in the path of the automobile, that an accident is unavoidable. Huddy, Cyclopedia of Automobile Law, §§ 71–73. "The sudden appearance defense seems to rest on the theory, that as to the driver the collision is an unavoidable accident. It rather presupposes contributory negligence or assumed risk

upon the part of the injured person, though not necessarily so, as it may be invoked against an infant who is incapable of either of these. Also it may be relied on, even though defendant was guilty of some negligence if such negligence was not the cause of the injury." Metts v. Louisville Gas & E. Co. 222 Ky. 551, 1 S. W. (2d) 985, 986; Leal v. Martin, 59 Cal. App. 760, 211 Pac. 853; Hyde v. Hubinger, 87 Conn. 704, 87 Atl. 790; Lawson v. Gleeson, 209 Ky. 37, 272 S. W. 56; American Dye Works v. Baker, 210 Ky. 508, 276 S. W. 133; Rizzittelli v. Vestine, 246 Mass. 391, 141 N. E. 110; Winter v. Van Blarcom, 258 Mo. 418, 167 S. W. 498; Boyer v. Great Atlantic & P. Tea Co. 99 N. J. L. 451, 124 Atl. 778; Graham v. Dawson Produce Co. 106 Okla. 294, 234 Pac. 185; Sorsby v. Benninghoven, 82 Or. 345, 161 Pac. 251, 15 N. C. C. A. 84; Stahl v. Sollenberger, 246 Pa. 525, 92 Atl. 720; Willett v. Slocum, 47 R. I. 136, 131 Atl. 545; Ehrmann v. Cudahy Bros. Co. 188 Wis. 546, 206 N. W. 968. See also § 43. Huddy, Cyclopedia Automobile Law.

In the case of Kammas v. Karras, 179 Wis. 12, 190 N. W. 849, the Wisconsin court held; that a driver of a truck was not negligent in striking a boy three and a half years old crossing the street diagonally at a speed greater than that of a truck, reaching it at the side and to the rear of the driver. Nonsuit was granted and the judgment affirmed on appeal.

In the case of Ehrmann v. Cudahy Bros. Co. 188 Wis. 546, 206 N. W. 968, the Wisconsin court affirmed a judgment for the defendant in an action to recover for an injury to a five-year-old boy.

In the case of Labay v. Leiken, 252 Mass. 579, 147 N. E. 737, the Massachusetts court reversed a judgment for the plaintiff in an action for an injury to a twelve-year-old boy while coasting.

A case very much in point is the case of Brown v. Page, 98 Conn. 141, 119 Atl. 44, in which the Connecticut court sustained the following instruction. In an action for injury to children on a highway an instruction that, "If these children started out from behind a wagon which concealed their presence, so that a driver of the car, having the same under proper control and proceeding at a reasonable rate of speed, could not have avoided striking them, his conduct was not negligent." The court also held: In a negligence case plaintiff must sustain the burden of proving that the cause of the alleged event was defend-

ant's negligence which in natural sequence and without intervening or other cause produced it or without which it would not have occurred. In this case the children were five and eight years old, and the judgment for the defendant was affirmed.

Another case very much in point is the case of Kishalaski v. Sullivan, 94 Conn. 196, 108 Atl. 538, in which a judgment for the defendant was affirmed, and in which the Connecticut court said: "If the injuries to the plaintiff's intestate, a boy of seven years of age, were in respect chargeable to the chauffeur's negligence, it must have been to negligence arising from a want of care on his part in not seeing as soon as he reasonably ought, the boy, as he crossed the street in a direction which led him to pass in front of the automobile, or else in not turning or stopping the automobile as an ordinarily careful man would do under like circumstances. The chauffeur testified that he did not see the boy until after he was hit, and there is neither evidence nor claim to the contrary. Whatever negligence the chauffeur was guilty of must therefore have consisted in his failure to see the boy, as he reasonably ought, as he came into position of danger or threatened danger, and this is the essence of the plaintiff's claim. There was evidence touching this point which the jury well might and quite likely did believe that the boy who had been walking with his companions on the southerly sidewalk, suddenly left them and ran across the street and directly in front of the defendant's car. Under such circumstances we cannot say that the jury's conclusion that the chauffeur was not negligent in failing to see the boy in time to avoid hitting him was so unreasonable that its verdict should be set aside."

In the case of Bishard v. Engelbeck, 180 Iowa, 1132, 164 N. W. 203, an action to recover for injury to a six-year-old boy on appeal from a directed verdict the Iowa court affirmed the judgment and held: "An automobile driver, turning to the left to pass a wagon, is not bound to anticipate or know the intention or purpose of a boy sitting on the tail of a wagon, that he was not negligent in failing to give the signal."

In the case of Brekke v. Rothermal, 196 Iowa, 1288, 196 N. W. 84, a six-year-old boy ran in front of an automobile, held: "that the injury was the result of accident, and not due to the fault of the defendant."

In the case of Stahl v. Sollenberger, 246 Pa. 525, 92 Atl. 720, the

Pennsylvania court said: "If the boy suddenly left the footway, at a place when the driver had no reason to expect him to do so, and ran directly in front of the automobile, the result could hardly have been other than disastrous, even though the machine had been moving at a very reasonable rate. The court below felt that the only reasonable inference to be drawn from the testimony in this case, is that the boy did leave a place of safety and unexpectedly, dashed into danger." Judgment on nonsuit was in this case affirmed.

In the case of Phillips v. Heiser, 179 Minn. 108, 228 N. W. 350, "the driver of an automobile" (the Minnesota court said) "drove her car southerly ten or twelve miles per hour along a street. In the middle of the block a small child (five and a half years old) coasted from a six-and-half-foot terrace. . . . The driver, not knowing of the presence of the child, saw it on the sled only three feet from the car. . . . Held, the driver of the car was not negligent."

Rich v. Eldridge, 106 N. J. L. 181, 147 Atl. 384, is a case very much in point. The injured boy was six years old. Defendant's car was driven at a speed 14 to 15 miles an hour going east meeting and passing another car moving westward. The plaintiff passed in front of a car that was parked and when he proceeded a distance of a foot into the open space he was struck by defendant's car. Winter v. Van Blarcom, 258 Mo. 418, 167 S. W. 498.

In the case of Cavanaugh v. Blaum, 12 La. App. 173, 125 So. 160, near the place of the accident there is a school, and at the time, the children, including the plaintiff's son, were coming out for the noon recess. The Louisiana court said: "It is true, of course, that such a situation imposes upon the driver very great caution." The defendant's speed was slow. He was on the right side of the street. He had no reason to anticipate that the boy would run into his automobile from across the street and after he became aware that the accident was imminent there was nothing he could do to avert it. The jury found a verdict for the defendant.

In the case of McAvoy v. Kromer, 277 Pa. 196, 120 Atl. 762, a judgment for the plaintiff was reversed by the supreme court of Pennsylvania, the court said: "While the driver of an automobile is required to be vigilant, he is not bound to anticipate that a child will suddenly dart from the side of the street, or suddenly run across the street, in

front of his car: McMillan v. Strathmann, 264 Pa. 13, 15, 107 Atl. 332; Leslie v. Catanzaro, 272 Pa. 419, 116 Atl. 504."

In the case of Klink v. Bany, 207 Iowa, 1241, 65 A.L.R. 187, 224 N. W. 540, the court said: "A driver of a motor vehicle is not legally bound to anticipate or know the intention or purpose of a person who, being in a zone of safety, suddenly and without warning enters a zone of danger and is struck by such vehicle." See extensive note 65 A.L.R. 192, relating to children darting in front of a motor.

In the case of Lovett v. Scott, 232 Mass. 541, 122 N. E. 646, the boy injured was eight years and four months of age. There was a directed verdict for the defendant and on appeal the judgment was affirmed.

In the case of Moeller v. Packard, 86 Cal. App. 459, 261 Pac. 315, the injured child was eight years of age. The automobile at the time of the accident was driven at the rate of 25 miles an hour, and judgment for the defendant was affirmed by the supreme court of California.

In the case of Wetherill v. Showell, F. & Co. 264 Pa. 449, 107 Atl. 808, the trial court directed a verdict for the defendant saying: "I feel constrained to do so in view of the ruling of the supreme court in the case of Eastburn v. United States Exp. Co. 225 Pa. 33, 73 Atl. 977." The question of the contributory negligence of the plaintiff was eliminated as the boy was only eight years of age, and the only question considered was the negligence of the defendant. Judgment for the defendant was affirmed on appeal.

In the case of Hyde v. Hubinger, 87 Conn. 704, 87 Atl. 790, the child was a few months over four years of age. Judgment for the defendant was affirmed.

In some of the cases cited the question of the contributory negligence of the child is submitted to the jury, but most of them were submitted to the jury upon the unavoidable accident defense, that is, it was for the jury to determine whether the plaintiff appeared in the path of an automobile so suddenly that the defendant could not by the exercise of due care and without negligence avoid striking him. The instant case was submitted to the jury upon that theory. Nowhere does the court say, that if the plaintiff's negligence contributed to the proximate cause of the injury they must find for the defendant, and while the

court does mention negligence and fault of the plaintiff, it is clear from the instructions that even if the plaintiff was negligent and at fault he would still be entitled to recover if the defendant by the exercise of due care could have avoided the accident.

In the case of Parramore v. Denver & R. G. W. R. Co. 5 F. (2d) 912, Judge Sanborn defines contributory negligence as follows: " 'Contributory negligence' is not a question as to whose negligence was more proximate cause of injury, but whether or not negligence of injured persons directly contributed to cause injury." In a case where contributory negligence is a proper defense it follows as a matter of course, that if the negligence of the plaintiff contributes in any degree to the proximate cause of the injury, the plaintiff cannot recover, except, upon the doctrine of the last clear chance. It also follows, that in those cases where the defense is unavoidable accident, and the question of plaintiff's contributory negligence is also considered, an additional burden is placed upon the plaintiff which was eliminated in the instant case by the court's refusal to instruct on contributory negligence. His refusal to so instruct was favorable to the plaintiff and therefore, there is no merit in the contention of the plaintiff, that the court should have instructed the jury on contributory negligence as applied to children of tender years, and as requested by the defendants. The plaintiff did not ask for any such instruction, and no doubt, he was contending there in the trial court, as he contends here, that the court erred in not instructing the jury, that Eugene Kalsow being of the tender age of six years and four months could not be guilty of any contributory negligence as a matter of law. No such instruction was asked of the court, and besides it was not necessary, for the reason, that the trial judge did not submit the question of contributory negligence to the jury. The only question submitted, being the question of unavoidable accident. There being no error in the instructions the judgment must be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.