## Dunne v. Espenshade

*Edward H. P. Fronefield,* for plaintiff.
*J. Borton Weeks,* for defendant.

BOOSE, P. J., sixteenth judicial district, specially presiding, May 20, 1935.—The plaintiffs brought this action in trespass against the defendant to recover damages for personal injuries alleged to have been inflicted upon the minor plaintiff. The trial resulted in a verdict in favor of the defendant. We now have before us the plaintiff's motion for a new trial. The reasons assigned in support of this motion are, that the verdict was against (1) the evidence; (2) the weight of the evidence; (3) that the court erred in the affirmance of the defendant's fifth point for charge; (4) in the affirmance of the defendant's sixth point; (5) in the affirmance of the defendant's seventh point; (6) in the admission of defendant's exhibit 6; and (7) in admitting in evidence defendant's exhibit 7. A supplemental reason was assigned, alleging after-discovered evidence. This was the main reason urged in support of the motion.

From the undisputed evidence it appears that on May 25, 1933, about 4 o'clock p.m., at the northwest corner of Lancaster Avenue and Aberdeen Avenue, in Wayne, Radnor Township, the defendant drove his automobile into the parking space in front of the store of Mitchell-Fletcher Company, on a business mission; that while he was in said store, the minor plaintiff, Andrew Dunne, a child 4 years of age, who lived in an adjoining property,

rode his kiddy-car in front of the defendant's automobile and was in that position when the defendant hurriedly left the store, entered his automobile and started the same, without any knowledge of the presence of the child on the kiddy-car in front of the automobile. There is no dispute that the child was struck and injured. The primary question is, was there any proof of negligence on the part of the defendant under the circumstances? What duty, if any, did he owe to the injured child? He was not bound to anticipate the presence of the child in this position of danger. No authority has been cited to us which would impose the duty upon the defendant to walk completely around his car before starting the same. The authorities are to the contrary: Stahl v. Sollenberger, 246 Pa. 525; Rittle et ux. v. Zeller, 100 Pa. Superior Ct. 516; Williams v. Cohn, 201 Ia. 1121, 206 N. W. 823; Ostrander v. Armour & Co., 176 App. Div. 152, 161 N. Y. Supp. 961.

We particularly call attention to the case of Williams v. Cohn, supra, which seems to be clearly analogous to the present case, and rules the question here involved. We think the question of the defendant's negligence and the contributory negligence of the parents of the minor plaintiff were fairly submitted to the jury. We are not persuaded that any substantial error was committed in the trial of this case which would warrant the granting of a new trial.

This leaves for our consideration the question whether the alleged after-discovered evidence brings the case within the requirements of the rule. We think not. They are, as sustained by many authorities, as follows: It must have been discovered since the former trial; it must be such that it could not have been obtained at the former trial by the exercise of due diligence; it must not be merely cumulative and corroborative of other testimony; and it must be of such a character that it should, and probably would, produce a different verdict, if a new trial were to be granted. Tested by these rules we are

not convinced that a new trial should be granted on the ground of after-discovered evidence.

We cannot conclude without expressing our admiration of the zeal, energy and industry of counsel thrown into this case. They have tried the issue with splendid skill and ability; and we are not certainly sure that any reversible error was committed during the trial of this case. It is always true that one side or the other must meet with defeat, but we do not believe that the ends of justice have been defeated in this case. We, therefore, enter the following order and decree: Now, May 20, 1935, the rule to show cause why a new trial should not be granted is discharged.