**David & Alvira SCHAAF, individually, and David Schaaf as Personal Representative of, the Estate of Jacob Schaaf, Plaintiffs,**

v.

**CATERPILLAR, INC., Defendant.**

No. A1–02–50.

United States District Court,
D. North Dakota,
Southwestern Division.

July 10, 2003.

Irvin B. Nodland, Nodland Law Offices, Bismarck, ND, for Plaintiffs.

M. Daniel Vogel, Vogel Weir Hunke & McCormick Ltd., Fargo, ND, Monte Lane Rogneby, Vogel Law Firm, Bismarck, ND, Mark L. Tripp, Bradshaw Fowler Proctor & Fairgrave PC, Des Moines, IA, for Defendant.

### MEMORANDUM AND ORDER

HOVLAND, Chief Judge.

Before the Court is Defendant Caterpillar Inc.'s Motion for Partial Summary Judgement filed on May 19, 2003. Caterpillar seeks summary judgment as to David and Alvira Schaaf's individual claims and any claims for the recovery of attorney's fees. No challenge is made to the claims made on behalf of the Estate of Jacob Schaaf. For the reasons set forth below, Caterpillar's Motion for Partial Summary Judgment is denied.

## I. BACKGROUND

The factual underpinnings of this case are undisputed. Jacob Schaaf was working on his parents farm near Glen Ullin, North Dakota, on August 10, 2001, when he was run over and seriously injured by a Caterpillar 85C Challenger tractor which he had attempted to climb onto. Schaaf was conscious after the accident and taken to a hospital in Bismarck where he died approximately six (6) hours after the accident. Schaaf was 24–years old at the time of his death, unmarried and had no children. David and Alvira Schaaf are the parents of Jacob Schaaf. This wrongful death action is brought by David and Alvira Schaaf, individually, and by David

Schaaf as the personal representative of the Estate of Jacob Schaaf. The action is based on strict liability in tort and alleges that the tractor manufactured by Caterpillar was defectively designed and unreasonably dangerous.

## II. *STANDARD OF REVIEW*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. If the moving party has supported its motion for summary judgment, the nonmoving party has an affirmative burden placed on it to go beyond the pleadings and show a genuine triable issue of fact. *Commercial Union Ins. Co. v. Schmidt,* 967 F.2d 270, 271 (8th Cir.1992). However, the Court considering a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party who enjoys "the benefit of all reasonable inferences to be drawn from the facts." *Vacca v. Viacom Broadcasting of Missouri, Inc., et al.,* 875 F.2d 1337, 1339 (8th Cir.1989) (citation omitted).

## III. *LEGAL DISCUSSION*

■ Federal courts sitting in diversity apply the substantive law of the state. *United Fire & Cas. Ins. Co. v. Garvey,* 328 F.3d 411, 413 (8th Cir.2003). In this case, the law to be applied is that of North Dakota where Jacob Schaaf lived and worked and where the accident occurred in August 2001. The Schaaf's seek both economic and non-economic damages in their individual capacities. Under North Dakota law, economic and non-economic damages may be recovered for wrongful death or injury to person. N.D.C.C. § 32–03.2–04 (2003). Section 32–03.2–04 was enacted in 1987 and provides as follows:

In any civil action for damages for wrongful death or injury to a person and whether arising out of breach of contract or tort, damages may be awarded by the trier of fact as follows:

1. Compensation for *economic damages,* which are damages arising from medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial costs, cost of substitute domestic services, loss of employment or business or employment opportunities, and other monetary losses.
2. Compensation for *non-economic* damages, which are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, injury to reputation, humiliation, and other nonpecuniary damage.

N.D.C.C. § 32–03.2–04 (emphasis added).

■ Section 32–03.2–04 of the North Dakota Century Code details the damages that are recoverable in a wrongful death or personal injury action whereas Section 32–21–03 [1] lays out the classes of potential plaintiffs who may pursue such damages in a wrongful death action. In wrongful

---

**1.** The action shall be brought by the following persons in the order named:
   1. The surviving husband or wife, if any.
   2. The surviving children, if any.
   3. The surviving mother or father.
   4. The surviving grandparent.
   5. The personal representative.

death actions, substantial damages will be presumed. *Hopkins v. McBane,* 427 N.W.2d 85, 94 (N.D.1988).

## A. *NON–ECONOMIC DAMAGES*

■ Caterpillar contends that North Dakota law does not allow a parent to recover damages for loss of society, comfort and companionship in an action for the wrongful death of an *adult* child. There is no dispute that non-economic damages as defined under North Dakota law are recoverable in an action for the wrongful death of a *minor* child. *Hopkins v. McBane,* 427 N.W.2d 85 (N.D.1988); *see First Trust Co. of North Dakota v. Scheels Hardware & Sports Shop, Inc.,* 429 N.W.2d 5, 11 (N.D.1988)(holding a parent may recover non-economic damages in an action for the personal injury of a child).

In *Hopkins v. McBane,* a mother brought an action against her physician and hospital for the wrongful death of her viable unborn child. A bench trial resulted in a plaintiff's verdict which included damages for loss of society, companionship and comfort. 427 N.W.2d 85, 86. The appeal challenged the award of non-economic damages to a parent for the wrongful death of a child. The defendant contended that non-economic damages were not recoverable by a parent for the wrongful death of a child and argued that position was supported by North Dakota Supreme Court precedent. *See Stejskal v. Darrow,* 55 N.D. 606, 215 N.W. 83, 86 (1927)(holding a parent could not recover damages for the loss of society and companionship in an action for the wrongful death of a child); and *Kalsow v. Grob,* 61 N.D. 119, 237 N.W. 848, 849 (1931). In deciding the *Hopkins v. McBane* case, the North Dakota Supreme Court stated:

We conclude that one may recover damages for loss of society, comfort and companionship in an action for the wrongful death of a child. While previous decisions of this court have implicitly authorized such damages, we deem it appropriate to clarify the matter and overrule our prior decisions to the extent that they are contrary to the conclusion we reach in this case. Therefore, to the extent that *Kalsow v. Grob,* supra, and *Stejskal v. Darrow,* supra, held that a parent may not recover damages in a wrongful death action for the loss of the society and companionship of a child, those decisions are hereby overruled.

*Hopkins v. McBane,* 427 N.W.2d 85, 92.

*Stejskal* involved an action by a father for the wrongful death of his 30–year old, unmarried daughter. The North Dakota Supreme Court held that in an action for damages by wrongful act, a father cannot recover on account of loss of the society and companionship of an adult, unmarried daughter. 55 N.D. 606, 215 N.W. 83, 85–86. However, the holding in *Stejskal* was expressly overruled in *Hopkins v. McBane. Kalsow* involved a wrongful death action brought by the parents of a 6–year old child. Nothing in *Hopkins v. McBane* limits the holding to minor children but rather the case speaks to the loss of a child. When the North Dakota Supreme Court analyzed the *Stejskal* and *Kalsow* cases in *Hopkins v. McBane,* the Court did not do so in terms of the ages of the deceased children. This undermines the argument of Caterpillar that the decision of the North Dakota Supreme Court in *Hopkins v. McBane* is limited to minor children.

6. A person who has had primary physical custody of the decedent before the wrongful act.

If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, that person may bring the action.

In summary, it is clear that no class distinction between parents of minor children versus parents of adult children was drawn in *Hopkins v. McBane,* nor in any other reported decisions of the North Dakota Supreme Court. Further, the holdings in *Stejskal* and *Kalsow* have been overruled. "To suggest as a matter of law that compensable consortium begins at birth and ends at age eighteen is illogical and inconsistent with common sense and experience." *Clymer v. Webster,* 156 Vt. 614, 596 A.2d 905, 914 (1991)(noting Texas, Idaho, Illinois, Minnesota and Arizona draw no distinction in awarding damages for loss of companionship between adult and minor children). The emotional value of a child to his or her parents does not expire at majority. The holding in *Hopkins v. McBane* turned on the relationship of parent to child rather than on the fact that the deceased child was a minor. The Court concludes as a matter of law that a parent of a deceased adult child who is authorized to pursue a wrongful death claim under Section 32–21–03 is also entitled to pursue a claim for non-economic damages as provided for under Section 32–03.2–04 of the North Dakota Century Code.

## B. *ECONOMIC DAMAGES*

Caterpillar contends that the economic damages identified by David and Alvira Schaaf, individually, as recoverable damages are also being claimed by David Schaaf, as personal representative of the Estate of Jacob Schaaf. Caterpillar fears a double recovery and correctly points out that this is not permissible under North Dakota law. *Merrill Iron & Steel, Inc. v. Minn–Dak Seeds, Ltd.,* 334 N.W.2d 652, 656 (N.D.1983).

The Plaintiffs acknowledge this redundancy and have assured the Court in their responsive pleading that no double recovery is being sought for funeral, medical and other out-of-pocket expenses. The Plaintiffs plan to offer at trial a single itemized statement of recoverable economic losses. Any potential problem concerning the threat of a double recovery can best be handled by carefully drafted jury instructions and an appropriate special verdict · form. As such, summary judgment is unnecessary at this stage.

## C. *ATTORNEY'S FEES*

Finally, the complaint includes, in the prayer for relief, standard language requesting costs, disbursements and attorney's fees. Caterpillar objects to the request for attorney's fees and contend that there is no basis under North Dakota law for such an award and requests summary judgment as a matter of law on this issue.

The Court is of the opinion that consideration of the issue of attorney's fees is premature. Local Rule 54.1(C) provides all motions for attorney's fees must be made within fourteen (14) days of the entry of judgment. As a general rule, this Court will follow the "American Rule" which requires that each party pay their own attorney's fees in the absence of a specific statute authorizing the recovery of such fees. It is highly unlikely that any award of attorney's fees would be permissible or warranted in this products liability action. However, the issue of attorney's fees can be addressed post-trial, if necessary, and partial summary judgment is neither necessary nor warranted at this stage of the litigation.

## IV. *CONCLUSION*

Caterpillar's Motion for Partial Summary Judgment (Docket No. 30) is **DENIED.**

**IT IS SO ORDERED.**